BRIDGES, P.J.,
for the Court.
¶ 1. Rosie M. Jackson, at all time relevant to this appeal, worked for Gilbert’s Home Health Agency as a certified nursing assistant until December 19, 2002, when Gilbert discharged her citing, despite repeated admonishment and instruction, Jackson’s willful disregard for company interest and deliberate violation of company policy concerning the timely submission of required paperwork. Jackson filed for unemployment on December 27, 2002.
¶ 2. Based on an ensuing investigation, Jackson’s termination was ruled the product of her own misconduct, and her claim was accordingly recommended for disqualification, pursuant to Miss.Code Ann. § 71-5-513(A)(l)(b) (Supp.2004). Jackson appealed the decision, and a hearing was set for February 5, 2003. Notice of said hearing was mailed on January 27, 2003, to the last known address of all interested parties; however, only Jackson appeared at the hearing. The appeal referee subsequently ruled that Gilbert failed to meet the burden of proof for establishing misconduct, as required in Miss.Code Ann. § 71-5-513(A)(l)(c) (Supp.2004), and thus, reversed the decision that disqualified Jackson from receiving benefits.
¶ 3. On February 13, 2003, Gilbert appealed the reversal to the board of review for the Mississippi Employment Security Commission claiming that it never received notice of the hearing. After reviewing the evidence, the board rendered its decision on March 20, 2003, affirming the reversal, and subsequently mailed notice of its decision the following day to the last known address of all interested parties.
¶ 4. On April 25, 2003, Gilbert appealed the board of review’s decision to the Circuit Court of Pike County. The Commission responded with a motion to dismiss, contending that Gilbert’s appeal was untimely under Miss.Code Ann. §§ 71-5-529 and 71-5 — 531 (Supp.2004). The circuit court held a hearing and then, finding justice required that Gilbert have its day in court, ordered the Commission “to re-notice the hearing and give [Gilbert] an opportunity to object to [Jackson] being granted benefits.” Aggrieved by the decision, the Commission appeals raising the following issues:
I. DID THE CIRCUIT COURT ERR IN ITS APPLICATION OF MISS. CODE ANN. §§ 71-5-529 AND 71-5-531 (SUPP.2004), CONSIDERING THAT GILBERT FILED AN UNTIMELY APPEAL?
*1144 II. DID THE CIRCUIT COURT ERR IN ITS APPLICATION OF MISS. CODE ANN. §§ 71-5-529 AND 71-5-531 (SUPP.2004), CONSIDERING THAT GILBERT FAILED TO SHOW GOOD CAUSE FOR FILING AN UNTIMELY APPEAL?
LAW AND ANALYSIS
¶ 5. We begin by observing that our review is statutorily limited, for the Commission’s findings “as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” § 71-5-531. Our duty, therefore, as an appellate court, is to determine “the sufficiency of the evidentiary basis of the decision.” Wheeler v. Arriola, 408 So.2d 1381, 1384 (Miss.1982).
¶ 6. We also note that Gilbert refrained from filing a brief in opposition to the Commission’s brief on appeal to this Court. Mississippi jurisprudence maintains that the “[flailure of an appellee to file a brief is tantamount to confession of error and will be accepted as such[;]” however, the decision of the lower tribunal may be affirmed if “the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error.” Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984) (citing State v. Maples, 402 So.2d 350 (Miss.1981)). Moreover, when “the appellant’s brief makes out an apparent case of error ... we do not regard it as our obligation to look to the record to find a way to avoid the force of the appellants’ argument.” Id. (citing Westinghouse Credit Corp. v. Deposit Guar. Nat’l Bank, 304 So.2d 636 (Miss.1974)).
¶ 7. As the final preliminary matter, we mention that both issues advanced by the Commission concern the propriety of the circuit court’s decision to reopen the time for Gilbert to file an appeal, and as a result, we combine them for purposes of our discussion.
¶ 8. The board’s decision affirming the referee’s reversal of Jackson’s disqualification from benefits was mailed to Gilbert on March 21, 2003, and stated, in pertinent part, that “[t]his decision will become final ten (10) days after the date entered below. You may petition the Circuit Court for a review of this decision within ten (10) days after it becomes final (that is, within twenty (20) days after the date [mailed]).” The Commission argues that Gilbert’s appeal of the board’s decision on April 25, 2003, was clearly beyond the statutorily prescribed twenty day period and that appeal therefrom must be predicated upon a showing of good cause for said untimely filing. Consequently, the circuit court exceeded its authority in denying the Commission’s motion to dismiss Gilbert’s appeal as untimely filed and in further ordering that a new hearing be held. We find the Commission’s argument well taken.
¶ 9. The deadlines set forth in Sections 71-5-529 and -531 were discussed by the Mississippi Supreme Court, in MESC v. Powell, 787 So.2d 1277 (Miss.2001). Observing the dearth of Mississippi cases specifically addressing these deadlines, the court referred to its interpretation, in Wilkerson v. MESC, 630 So.2d 1000 (Miss. 1994), of the similar statutory deadline found in Miss.Code Ann. § 71-5-517 (Supp.2004). There, the court held that an appeal is untimely when filed one day after the deadline, noting in dicta that the time period specified in statute “must be strictly construed” and cannot be extended absent a showing of “good cause.” Powell, at 1281(¶ 15) (citing Wilkerson, at 1002). The Powell court further explained that this strict construction is exemplified in City of Tupelo v. MESC, 748 So.2d 151 (Miss. *1145 1999), in which the City’s appeal was denied for being filed two days after expiration of the deadline, despite claiming that said untimely filing was the product of improper notice. Id. (citing Tupelo, at 152(¶ 6)).
¶ 10. Gilbert filed for appeal over two weeks after the statutory deadline and apparently, based on the circuit court’s decision to deny the Commission’s motion to dismiss, demonstrated the requisite “good cause” for the untimely filing; however, we are left to assume this fact. The circuit court held a hearing before denying the motion, so naturally, we began by directing our review to an examination of the hearing transcripts. The transcripts, though, were not to be found, and further review of the record revealed an absence of any evidence that might support a finding of “good cause.” Gilbert’s failure to provide such evidence, when viewed under the present law and our standard review, requires that we reverse the circuit court’s decision ordering a new hearing, and thereby affirm the lower tribunal’s reversal of Jackson’s disqualification from receiving benefits.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS REVERSED AND RENDERED, AND THE DECISION OF THE BOARD OF REVIEW IS REINSTATED IN FULL FORCE AND EFFECT FROM THE DATE OF ITS ISSUANCE.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.