980 So.2d 340 (2008)
Theresa L. CUMMINGS, Appellant
v.
MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY and Luckett Tyner Law Firm, Appellees.
No. 2006-CC-02030-COA.
Court of Appeals of Mississippi.
April 22, 2008.
*341 Theresa L. Cummings, appellant, pro se.
Albert B. White, Madison, Eugene T. Holmes, attorneys for appellees.
Before LEE, P.J., CHANDLER and BARNES, JJ.
*342 BARNES, J., for the Court.
¶ 1. Theresa L. Cummings appeals the decision of the Circuit Court of Choctaw County, which dismissed her appeal, as untimely, of the Board of Review's decision of the Mississippi Department of Employment Security (MDES) denying her unemployment benefits. The circuit court stated that it also considered Cummings's appeal on the merits and found the Board of Review's decision supported by substantial evidence and not arbitrary or capricious.
¶ 2. Cummings, an associate attorney, resigned from her former employer, Luckett Tyner Law Firm, giving the firm a 120-day notice as required in her employment contract. However, she continued to work at the law firm during the notice period. Subsequently, she applied for unemployment benefits when Luckett Tyner terminated their working relationship about one month prior to the end of her 120-day notice date for "failure to meet [the firm's] expectations [as] a practicing attorney," pursuant to her employment contract. Initially, a MDES claims examiner disqualified Cummings for unemployment benefits. Cummings appealed, and an administrative appeals officer reversed the claims examiner's decision and awarded Cummings benefits. Luckett Tyner then appealed, and the MDES's Board of Review reversed the appeals officer's decision and denied Cummings benefits.
¶ 3. Aggrieved by the circuit court's decision to dismiss her appeal, Cummings raises three issues: (1) whether the circuit court erred in ruling that her appeal was untimely; (2) whether the decision of the Board of Review was arbitrary or capricious; and (3) whether the judgment of the circuit court was arbitrary or capricious. Although we reject the circuit court's finding that Cummings's appeal was untimely, we find that the circuit court's conclusion regarding the merits was correct. Accordingly, we affirm the judgment of the circuit court on such grounds.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 4. Theresa L. Cummings was employed with Luckett Tyner in Clarksdale, Mississippi, as an associate attorney pursuant to an employment contract from January 3, 2005, until November 30, 2005. Prior to joining Luckett Tyner, Cummings had been employed in a supervisory role with North Mississippi Rural Legal Services, Inc., where she handled mainly chancery court matters. Luckett Tyner primarily handles litigation matters. Having been employed with Luckett Tyner for approximately nine months, on September 6, 2005, Cummings submitted a letter of resignation to the law partners, effective January 2, 2006. In her letter, Cummings stated no reason for her resignation. According to her employment contract, a 120-day written notification was required before terminating her employment.
¶ 5. On October 12, 2005, via a letter, the firm's law partners, William O. Luckett, Jr. (Luckett) and Robert M. Tyner, Jr. (Tyner) acknowledged receipt of Cummings's resignation, offered that she could depart from the firm prior to the full 120-days, and subsequently made Cummings resignation effective October 31, 2005. Cummings responded in writing on October 17, 2005, declining the early separation date and requesting the opportunity to discuss an amendable date. On November 30, 2005, the law partners of Luckett Tyner made Cummings resignation effective the same day, writing that "we are continuing to lose money by your continued relationship with the firm . . . and are not receiving the expected results in a timely *343 manner."[1] The termination notice was both written and oral.
¶ 6. On December 5, 2005, Cummings filed for unemployment benefits with the MDES. The agency conducted an investigation to determine if she had voluntarily quit or was terminated. On December 20, 2005, an MDES claims examiner sent Cummings a notice, stating that Cummings was disqualified from receiving benefits from December 1, 2005, until her re-employment for "misconduct connected with the work," pursuant to Mississippi Code Annotated section 71-5-531 A(1)(b). The notice stated Cummings had fourteen days to protest the decision and request reconsideration.
¶ 7. Cummings appealed the claims examiner's decision, and on January 31, 2006, she was granted a telephonic hearing with an appeals officer to gather all relevant information about her job separation from Luckett Tyner. During the hearing, both Cummings and Luckett, who represented the law firm, were allowed to give testimony and cross-examine the opposing party. The appeals officer also questioned the parties. No other witnesses were called during this proceeding. Luckett testified that even though Cummings had resigned, the firm's expectations were not being met; so the firm had to terminate the relationship one month short of her final resignation date. As a result of the hearing, on February 21, 2006, the appeals officer reversed the claims examiner's decision, thereby granting benefits to Cummings. The appeals officer stated that Cummings was not guilty of "misconduct," as defined in Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982).
¶ 8. Subsequently, Luckett Tyner appealed the appeals officer's decision to the MDES's Board of Review, citing the following errors: (1) there was no time-period limitation placed on the unemployment benefits entitlement; (2) there was nothing that prevented the law firm from accepting Cummings's resignation at an earlier date than the 120-day notice date; and (3) there was adequate proof of Cummings's neglecting her duties. The Board of Review granted a second telephonic hearing in order to gather additional testimony. Witnesses testified for both parties. More specific instances were given of Cummings's inadequate job performance by her employer and its witnesses.
¶ 9. On July 7, 2006, the Board of Review found Cummings was ineligible for benefits, stating her "failure to perform the work constituted misconduct connected with work." Shortly thereafter, the MDES sent Cummings a "Notice of Overpayment" letter, stating that she was overpaid $3,150 for benefits received from December 17, 2005, through March 25, 2006. The Board of Review's decision stated an appeal to the circuit court should be filed within twenty days or "no later than July 27, 2006."
¶ 10. On July 26, 2006, the Choctaw County Circuit Court received from Cummings, via express mail from Arlington, Texas a motion for extension of time and notice of appeal. Cummings requested a thirty-day extension in order to complete her appeal of the Board of Review's decision. In her motion, Cummings stated she needed an extension because she was "on a *344 temporary assignment with the U.S. Government" and living in Texas. She stated that she "has had difficulty securing legal counsel," and her "assignment mandates an unusual work schedule and extensive hours." The certificate of service was signed by Cummings on July 24, 2006, and the envelope was postmarked the same date. The circuit court clerk sent correspondence to Cummings regarding this motion the same day it was received, explaining the filing requirements. Specifically, Cummings was notified that "the Mississippi Rules of Civil Procedure require that prior to a circuit clerk filing a case, the filing party must first prepare a Civil Cover filing sheet." Additionally, the clerk requested that Cummings file the original decision letter from the Board of Review. Specifically, the clerk stated, "[u]ntil we receive both of these items, we will not begin to create a file for this matter."
¶ 11. On August 7, 2006, the circuit court received Cummings's civil cover sheet, and her motion for extension of time and notice of appeal was filed. On August 11, 2006, the record indicates a second civil cover sheet and the decision letter from the Board of Review was filed, having been sent via first-class mail from Arlington, Texas on August 1, 2006. On August 21, 2006, the Choctaw County Circuit Clerk wrote the MDES a letter notifying it of these actions.
¶ 12. On August 28, 2006, Luckett Tyner filed a motion to dismiss for lack of jurisdiction due to Cummings's missing the twenty-day deadline for filing a notice of appeal. MDES filed an answer to Cummings's motion for extension of time and notice of appeal on September 27, 2006, and subsequently filed a motion to dismiss Cummings's appeal on October 19, 2006. On October 20, 2006, the circuit court dismissed with prejudice Cummings's appeal of the Board of Review's decision for failure to file a timely appeal. The order also stated that the circuit court considered Cummings's appeal on the merits and found none. Aggrieved, Cummings filed a notice of appeal to this Court on November 20, 2006.[2]

STANDARD OF REVIEW
¶ 13. This Court's standard of review regarding administrative agency decisions is well established and limited by statute. "[T]he findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." Miss.Code Ann. § 71-5-531 (Supp. 2006). Furthermore, "[a]n agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights." Maxwell v. Miss. Employment Sec. Comm'n, 792 So.2d 1031, 1032 (¶ 7) (Miss.Ct.App.2001) (quoting Allen v. Miss. Employment Sec. Comm'n, 639 So.2d 904, 906 (Miss.1994)). A rebuttable presumption exists in favor of the administrative agency's decision and findings, and the challenging party has the burden of proving otherwise. Waldrup v. Miss. Employment Sec. Comm'n, 951 So.2d 597, 599 (¶ 7) (Miss.Ct.App.2007) (citing Miss. Employment Sec. Comm'n v. Parker, 911 So.2d 611, 613 (¶ 5) (Miss.Ct. *345 App.2005)). Finally, the purpose of the review by this Court is not to reweigh the evidence or substitute its judgment for that of the agency. Id.

ANALYSIS
I. Whether the circuit court erred in determining Cummings's appeal to be untimely.
¶ 14. Cummings argues that the circuit court erred in dismissing her appeal as untimely. She asserts that pursuant to Mississippi Rule of Civil Procedure 5(e), "[f]iling may be accomplished by delivering the pleadings or other papers to the clerk of the court or to the judge, or by transmitting them by electronic means." M.R.C.P. 5(e). Moreover, she argues that according to Rule 5.04 of the Uniform Rules of Circuit and County Court, "[t]he party desiring to appeal a decision from a lower court must file a written notice of appeal with the circuit court clerk. A copy of that notice must be provided to all parties or their attorneys of record and the lower court or lower authority whose order or judgment is being appealed." Therefore, she argues that her failure to submit a civil cover sheet does not preclude her from timely filing her motion for extension of time and notice of appeal.
¶ 15. Mississippi Code Annotated section 71-5-531 requires a party aggrieved by a decision of the Board of Review to commence an action in the circuit court "[w]ithin ten (10) days after the decision of the Board of Review has become final." With regard to this deadline, this Court has stated:
The deadlines set forth in Sections 71-5-529 and -531 were discussed by the Mississippi Supreme Court, in MESC v. Powell, 787 So.2d 1277 (Miss. 2001). Observing the dearth of Mississippi cases specifically addressing these deadlines, the court referred to its interpretation, in Wilkerson v. MESC, 630 So.2d 1000 (Miss.1994), of the similar statutory deadline found in Miss.Code Ann. § 71-5-517 (Supp.2004). There, the court held that an appeal is untimely when filed one day after the deadline, noting in dicta that the time period specified in statute "must be strictly construed" and cannot be extended absent a showing of "good cause." Powell, at 1281 (¶ 15) (citing Wilkerson, at 1002). The Powell court further explained that this strict construction is exemplified in City of Tupelo v. MESC, 748 So.2d 151 (Miss.1999), in which the City's appeal was denied for being filed two days after expiration of the deadline, despite claiming that said untimely filing was the product of improper notice. Id. (citing Tupelo, at 152 (¶ 6)).
Miss. Employment Sec. Comm'n v. Gilbert Home Health Agency, 909 So.2d 1142, 1144-45 (¶ 9) (Miss.Ct.App.2005). MDES relies on this language as support for its argument that the circuit court properly dismissed Cummings's appeal as untimely as the cover sheet and decision letter were not filed until after the statutory deadline for an appeal had expired.
¶ 16. We disagree. Although the twenty-day time period is to be strictly construed, the above language indicates that the time period may be extended if good cause is shown, and we find that Cummings has demonstrated good cause in this case. On July 26, 2006, prior to the expiration of the twenty-day period, the circuit court clerk received Cummings's document entitled "Motion for Extension of Time and Notice of Appeal." Although the body of the document did not state any specific grounds for the appeal, but rather merely sought an extension of time to appeal, the title clearly demonstrated Cummings's intent to appeal the decision of the Board of Review. Moreover, MDES has not contended *346 that it was not sufficiently apprised of Cummings's intent to appeal; rather, its sole argument is that the notice of appeal was untimely filed.
¶ 17. Neither section 71-5-531 nor Mississippi Rule of Civil Procedure 3 states specifically that a civil cover sheet is a prerequisite to commencing an action. Uniform Rule of Circuit and Chancery Court 5.04 does not mention the civil cover sheet requirement for filing a timely notice of appeal. Moreover, although the Board of Review's decision letter adequately informed Cummings of the pertinent time limitations, it did not inform her that she was required to file a cover sheet or a copy of the decision letter in order to perfect a timely appeal. However, pursuant to its statutory duty and for the purpose of "improving the administration of justice," the Administrative Office of Courts "developed a uniform identification and numbering system and a procedure for collection of uniform statistical data on civil matters filed in the Circuit, Chancery, and County Courts of this state." Uniform Procedures for Data Collection in Civil Matters in Circuit, Chancery, and County Courts, Supreme Court Order, September 23, 1993. Pursuant to that procedure, and as ordered by the Mississippi Supreme Court, circuit clerks must require that any pleading filed to initiate, re-open, reinstate, or otherwise commence a civil action be accompanied by civil cover sheet which has been completed by the filing party or his representative. Uniform Procedures for Data Collection in Civil Matters in Circuit, Chancery, and County Court, Supreme Court Orders, September 23, 1993; January 12, 1994; and October 25, 2000. In the present case, we do not find that justice would be served by requiring Cummings's case to be dismissed based on her failure to include a civil cover sheet when the court clerk received Cummings's notice of appeal within the requisite time period; accordingly, we find that good cause for an extension of the filing deadline is therefore shown under the facts of this case.
¶ 18. The holding in South v. Icon Health & Fitness, 1995 WL 115721, 1995 U.S. Dist. LEXIS 3370 (C.D.Utah Jan. 31, 1995), although not controlling in Mississippi, is instructive on the current facts. In that case, the plaintiff filed an action in federal court under the Americans with Disabilities Act, which requires suit to be filed within ninety days of the Equal Employment Opportunity Commission's providing notice to the plaintiff of the right to sue. Id., 1995 WL 115721, *1, 1995 U.S. Dist. LEXIS 3370 at *1. The plaintiff's complaint was received in the clerk's office within the ninety-day period; however, there was no cover sheet accompanying the complaint as required by a Utah local rule, which stated that the cover sheet requirement was for administrative purposes only. Id., 1995 WL 115721, *1, 1995 U.S. Dist. LEXIS 3370 *2-3. The clerk did not stamp the complaint as filed until the cover sheet was received, which was after the requisite time period had run. Id., 1995 WL 115721, *1, 1995 U.S. Dist. LEXIS 3370 *3-4. The court held that the local rule had "nothing to do with the commencement of the action, but [was] solely for administrative purposes," stating that "[t]he complaint may be held up from assignment or further processing, and the person required to fill out the cover sheet, but the complaint is `filed' for the purposes of the commencement of the action when it is given to the clerk". Id. 1995 WL 115721, **1-2, 1995 U.S. Dist. LEXIS 3370 *5-6.
¶ 19. We acknowledge that this case is somewhat distinguishable from the one at bar given the fact that the court relied on Federal Rule of Civil Procedure 5(e), which prohibits the clerk from refusing to *347 accept a filing solely based on the fact that it was not presented in proper form, Id., 1995 WL 115721, **1-2, 1995 U.S. Dist. LEXIS 3370 *5, while the Mississippi Supreme Court's order instructs that the clerk shall not accept a filing without an accompanying civil cover sheet. However, we find the reasoning in South regarding the local rule's administrative purpose to be instructive. Although the Mississippi Supreme Court's order requires a civil cover sheet, by our interpretation, this requirement is meant to serve an administrative purpose, not to bar an otherwise timely notice of appeal.
¶ 20. By analogy, we note that Mississippi Rule of Appellate Procedure 2(a)(2) requires the clerk, in the event that it is found that a party has failed to comply substantially with the rules, to give the party notice of the deficiency and fourteen days to correct such deficiency prior to dismissing the appeal. M.R.A.P. 2(a)(2). Moreover, Mississippi Rule of Appellate Procedure 3(a) states that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the perfection of the appeal, but is ground for only such action as the Supreme Court deems appropriate. . . ." M.R.A.P. 3(a). Therefore, at the supreme court level, a deficiency in the form of the notice of appeal does not affect the timeliness of the appeal.
¶ 21. MDES, relying on Helmert v. Biffany, 842 So.2d 1287, 1289 (Miss.2003), contends that the circuit court properly dismissed Cummings's appeal. However, by our reading, Helmert is inapposite to this case. Helmert concerned the Mississippi Supreme Court's abolishment of the state's family courts and order that "[a]ll matters pending in any Family Court abolished shall be transferred to the County Court of the County wherein the Family Court was located without the necessity for any Motion or Order of the Court for such transfer." Id. at 1289 (¶ 8) (citation omitted). While the court noted the requirement that a new cover sheet be filed in order to reopen cases subject to modification, we can discern nothing in the court's holding supporting the contention that the lack of a cover sheet may be grounds for the dismissal of an appeal as untimely when the notice of appeal was received by the clerk prior to the deadline. See id. at (¶ 10).
¶ 22. Here, although Cummings's notice of appeal was not in the correct form, it was sufficient to demonstrate her intention to appeal, and it was received in the clerk's office prior to the filing deadline. While the court clerk was certainly within her authority to require Cummings to file a cover sheet prior to her appeal progressing any further, we do not find that in instituting the civil cover sheet requirement, the supreme court intended to affect the outcome of cases. Accordingly, we find that there was good cause for allowing the deadline to be extended so that Cummings could complete the filing of her notice of appeal.[3] Had Cummings failed to supply the required materials in a timely manner after being notified of the deficiency in her notice, this fact would certainly weigh against a finding of good cause and would have justified Cummings's appeal being dismissed as abandoned. However, when the court clerk notified Cummings of *348 the deficiency, she submitted the required materials shortly thereafter.
¶ 23. Thus, we find that Cummings's failure to include a cover sheet did not result in her notice of appeal being subject to dismissal on the ground that it was untimely under the circumstances of this case. Accordingly, we reject the circuit court's finding that Cummings's appeal was untimely, and we proceed to review the decision on its merits.
II. Whether the Board of Review's decision was arbitrary or capricious.
¶ 24. Cummings argues that there was insufficient evidence to support the Board of Review's denial of unemployment benefits due to misconduct connected with work, and therefore, its decision was arbitrary and capricious. Cummings states that the Board of Review erroneously decided that her failure to meet the expectations or standards required by the employer as an associate attorney constituted misconduct. Moreover, Cummings contends that the Board of Review did not base its decision on the evidence, but on opinions and information outside of the testimony given at the two hearings before the appeals officer. She argues neither the law firm nor its witnesses provided any evidence of misconduct. Cummings asserts that Luckett Tyner never confronted her regarding complaints being made by other employees as to her work production, or lack thereof. Instead, Cummings states that her testimony proves she attempted in good faith to perform her work satisfactorily.
¶ 25. MDES contends that its decision to disqualify Cummings from receiving unemployment benefits was based on several factors: (1) Cummings's refusal to meet with a client to answer questions in reference to a complaint that she had drafted; (2) Cummings's refusal to take a telephone call from opposing counsel in reference to a case that she had worked on; (3) Cummings's failure to appropriately organize medical records after having been instructed more than once; (4) Cummings's failure to complete other requested projects in general; (5) Cummings's request of other employees, such as paralegals, to complete her assignments; and (6) Cummings's lack of interest in efficiently performing her duties, such as always listening to baseball games on her computer and skipping lunch to leave early, even when assignments had not been completed or not completed to the satisfaction of her employer.
¶ 26. "An individual shall be disqualified for benefits: . . . [f]or the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work, if so found by the department, and for each week thereafter until he has earned remuneration for personal services performed for an employer . . . equal to not less than eight (8) times his weekly benefit amount, as determined in each case." Miss.Code Ann. § 71-5-513 A(1)(b). Our supreme court has defined "misconduct" within the meaning of the statute, as conduct "evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard or standards of behavior which the employer has the right to expect from his employee." Coahoma County v. Miss. Employment Sec. Comm'n, 761 So.2d 846, 849 (¶ 7) (Miss.2000) (quoting Young v. Miss. Employment Sec. Comm'n, 754 So.2d 464, 466 (¶ 6) (Miss. 1999)); Wheeler, 408 So.2d at 1383. However, "[m]ere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith *349 errors in judgment or discretion [are] not considered `misconduct' within the meaning of the statute" Id. (citation omitted). Additionally, the burden of proving misconduct resides with the employer. Miss. Code Ann. § 71-5-513 A(1)(c) (Supp.2006).
¶ 27. We find that the Board of Review considered all documents and testimony presented by both parties in making its ruling. At the first hearing before the appeals officer, Luckett testified that toward the end of her employment, "we were spending far more money on Ms. Cummings than she was generating in income . . . [t]he expectations weren't met, the work wasn't getting done either at all or timely or properly . . . so, in effect, we had to terminate the relationship . . . one month short of when Theresa was already going to leave on her own volition." Luckett proceeded to provide examples of projects Cummings did not complete adequately.
¶ 28. Cummings testified that she resigned because "her expectations were not being met," meaning that she "was not learning as [she] thought [she] should." As far as her work, she stated "the majority of the time I understood what I was required to do. Being able to provide that proved difficult." She admitted in the first hearing that in early November the other law partner had spoken to her, stating she was "not meeting expectations" pursuant to her employment contract. During the examination by the appeals officer, Luckett complained that Cummings did not put in the hours necessary to complete her tasks adequately. However, Cummings contradicted this testimony, stating she gave it her "best effort."
¶ 29. We note at the outset this Court's deference to the Board of Review's findings. We find the evidence sufficient to support a finding of misconduct by the Board of Review. Evidence sufficient to draw a reasonable finding of misconduct by the Board of Review includes the following: the November billing records; Cummings's failure to attain the expected two to three month learning curve after having been employed at the firm for approximately nine months, in spite of the fact she demonstrated the ability to perform such work; Cummings's inability to complete common tasks that were usually assigned to paralegals, even though she had previously managed other attorneys at her previous job and holds a Ph.D. and several other degrees; Cummings's failure to work on weekends to complete assignments although it had been implied that she should do so; the considerable number of verbal warnings and constructive criticism by partners Luckett and Tyner, couched in the nature of counseling, as to the length of time it was taking Cummings to complete assignments; and Cummings's own disinterest in protecting her job, especially after she gave notice of her resignation. Cummings had been given the opportunity to leave before the 120-day notice expired, but refused. Moreover, Cummings had been given adequate verbal warnings prior to the termination that she was not meeting the expectations of the law firm. Miss. Employment Sec. Comm'n v. Claiborne, 872 So.2d 698, 700 (¶ 6) (Miss.Ct. App.2004) (employee was disqualified from receiving unemployment benefits after the employee's persistent failure to perform routine duties that the employee was capable of performing despite repeated warnings of those failures).
¶ 30. Cummings also contends that the Board of Review's actions were arbitrary and capricious in remanding the case to the appeals officer in order to have a second hearing and obtain additional testimony from both parties. Cummings states that the subsequent hearing "gave *350 the employer a second opportunity to present evidence which should have and could have been presented initially." During the initial telephonic interview on January 31, 2006, the Board of Review heard testimony from Luckett and Cummings. As a result of that hearing, Cummings was granted unemployment benefits. Cummings argues that a second hearing was superfluous, as the testimonies of employees of the law firm could have been given at the initial hearing, but were not. We find no error in this regard, as both parties were given the opportunity to provide additional testimony and witnesses.
¶ 31. We find the decision of the Board of Review to deny Cummings unemployment benefits was supported by substantial evidence and was neither arbitrary nor capricious. Likewise, we do not find error in the Board of Review's remanding the case for further testimony. Therefore, we affirm the decision of the circuit court to accept the Board of Review's decision to deny benefits. Accordingly, this issue is without merit.
III. Whether the circuit court's decision was arbitrary or capricious.
¶ 32. Cummings contends that the circuit court's dismissal of her appeal was arbitrary and capricious, pursuant to Mississippi Rule of Civil Procedure 5(b) regarding service of pleadings, as Cummings never received the MDES's motion to dismiss her appeal, nor did she have an adequate opportunity to respond. Thus, she claims she was denied due process.
¶ 33. Both Luckett Tyner and MDES filed a motion to dismiss Cummings's appeal in the circuit court on August 30, 2006, and October 19, 2006, respectively. The record indicates, and Cummings contends, that the MDES's motion to dismiss was incorrectly mailed to Cummings at an Ackerman, Mississippi address. At the second hearing before the appeals officer on June 12, 2006, Cummings noted her address as being in Arlington, Texas; thus, we find the MDES should have had adequate notice of her change of address. However, we note the MDES's motion to dismiss was filed one day before the circuit court's dismissal of her appeal as untimely; thus, Cummings's argument that she should have been afforded an opportunity to respond is moot. We find no indication in the record that the MDES's failure to send its motion to dismiss to the correct address was in any way attributable to Cummings's failure to timely file her notice for appeal as the Board of Review's decision was sent to Cummings's correct address. Further, Cummings was given notice of Luckett Tyner's motion to dismiss, which had her proper address on its certificate of service and was filed in the circuit court on August 30, 2006. However, we note Cummings failed to respond to the law firm's motion to dismiss, which was filed nearly two months before MDES's motion to dismiss and the circuit court's order to dismiss her appeal. We find that based on the record, Cummings was given sufficient notification as to the employer's motion to dismiss, and she failed to respond. Given that the record indicates that the judgment by the circuit court to dismiss the appeal is based on an untimely appeal, we find no error by the circuit court. This issue is without merit.

CONCLUSION
¶ 34. In summary, while we reject the circuit court's finding that the appeal was untimely, we nevertheless conclude, on the merits, that there was substantial evidence that Cummings committed misconduct, pursuant to the controlling statute, by failing to perform in accordance with the expectations of her employer as a *351 practicing attorney. Therefore, the Board of Review's decision was not arbitrary or capricious in disqualifying Cummings from receiving unemployment benefits. Accordingly, we affirm the judgment of the Circuit Court of Choctaw County for the reasons stated above.
¶ 35. THE JUDGMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY IS AFFIRMED.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
NOTES
[1] Luckett Tyner's employment contract stated that the contract may be terminated "[b]y either party, for any reason or no reason" with 120 days written notice; or "[b]y the Firm without notice if good cause exists (neglect, malfeasance, failure to follow policy, disbarment, suspension, public or private reprimand, failure to meet expectations of a practicing attorney)"; or "[b]y the parties' mutual written and executed consent." (Emphasis added.)
[2] We note that Cummings's notice of appeal was stamped "filed" by the circuit court on November 21, 2006, but the court's docket lists the notice as filed on November 20, 2006, which would be the last day to file a timely notice of appeal pursuant to Mississippi Rules of Appellate Procedure 4(a). Because of this discrepancy, we will assume the docket's date November 20th is correct, and thus, Cummings's appeal is not untimely.
[3] We also note that, had Cummings's notice of appeal been hand-delivered to the clerk's office, Cummings could have been informed of the cover sheet requirement and the deficiency could have been corrected at that time. However, the notice of appeal was delivered by mail since Cummings had moved to Texas; therefore, by the time notification was made of the lack of a cover letter and the cover letter was returned by mail, the time period had lapsed.