# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-CA-00445-SCT

*AELICIA L. THOMAS*

*v.*

*BOLIVAR COUNTY, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/07/2022 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| TRIAL COURT ATTORNEYS: | CHRISTOPHER NICKLAUS BAILEY |
| | S. DAVID NORQUIST |
| | DANIEL JUDSON GRIFFITH |
| | MARY McKAY GRIFFITH |
| | BRADLEY FAREL HATHAWAY |
| | WILLIAM LESLIE MENCER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | S. DAVID NORQUIST |
| | CHRISTOPHER NICKLAUS BAILEY |
| ATTORNEYS FOR APPELLEE: | DANIEL JUDSON GRIFFITH |
| | MARY McKAY GRIFFITH |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 09/07/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**KING, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This Court must determine when a complaint is considered *filed* in a court that uses

the Mississippi Electronic Courts (MEC) system. Aelicia L. Thomas argues that a complaint

is filed upon delivery to the clerk and payment of the filing fee. Bolivar County contends that

a complaint is not filed until the complaint is entered into MEC and summons is issued. The

trial court found that Thomas's complaint was submitted a day late and granted Bolivar County's motion for judgment on the pleadings. The trial court further found that Thomas's case was time-barred because Thomas had not caused a summons to be issued for more than one hundred days after filing her complaint. We reverse the trial court's grant of judgment on the pleadings and remand this case for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2. On January 14, 2020, severe weather moved through parts of Bolivar County. Several hours later, Thomas was driving northbound on Shaw-Skene Road in Bolivar County, Mississippi, when she struck a downed utility pole lying wholly or partially in the road and sustained injuries.

¶3. Thomas asserted that Bolivar County had a duty to warn motorists of the downed utility poles but had failed to take such action. Therefore, this cause of action fell under the Mississippi Tort Claims Act (MTCA), and Thomas was required to follow the mandates of Mississippi Code Section 11-46-11. Section 11-46-11(3)(a) and (b) states that

> (3)(a) All actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after, except that filing a notice of claim within the required one-year period will toll the statute of limitations for ninety-five (95) days from the date the chief executive officer of the state entity or the chief executive officer or other statutorily designated official of a political subdivision receives the notice of claim.

> (b) No action whatsoever may be maintained by the claimant until the claimant receives a notice of denial claim or the tolling period expires, whichever comes first, after which the claimant has an additional ninety (90) days to file suit; failure to file within the time allowed is an absolute bar to any further proceedings under this chapter.

2

Miss. Code Ann. § 11-46-11(3)(a)-(b) (Rev. 2019).

¶4.     Hence, on January 13, 2021, Thomas sent a notice of claim to the Bolivar County Chancery Clerk. The chancery clerk received the notice on January 14. The tolling provision under Section 11-46-11(3)(a) extended the statute of limitations to April 19, 2021. Under Section 11-46-11(3)(b), Thomas then had an additional ninety days to file suit. Therefore, the tolling authorized under Section 11-46-11(3) extended the statute to July 18, 2021, a Sunday.

¶5.     All courts of record in Bolivar County participate in MEC. It is undisputed that a paralegal dropped off a complaint, civil cover sheet, and filing fee to the Bolivar County circuit or chancery clerk at some point on Monday, July 19, 2021. The civil cover sheet was dated Monday, July 19, and was filed that same day. The complaint, however, was undated and, for unknown reasons, was not filed and entered into MEC until Tuesday, July 20, 2021. Thereafter, Thomas submitted a summons to be issued to the Bolivar County Chancery Clerk on November 4, 2021.

¶6.     On December 7, 2021, Bolivar County filed a Motion for Judgment on the Pleadings and, pursuant to Mississippi Rule of Civil Procedure 12(c), argued that Thomas's complaint should be dismissed.[1] Bolivar County asserted that, because Thomas's complaint was not

---

[1]Mississippi Rule of Civil Procedure 12(c) states:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a

filed until July 20, she had failed to file her complaint within the statute of limitations. It additionally contended that Thomas's complaint should be dismissed as time-barred because the Mississippi Rules of Civil Procedure could not toll a jurisdictional statute and because Thomas had not issued a summons for more than one hundred days after she filed her complaint.

¶7.     On January 4, 2022, Bolivar County set the motion for judgment on the pleadings for hearing to be held on April 7, 2022.

¶8.     On April 6, 2022, counsel for Thomas filed a motion to continue the hearing. Counsel asked that the hearing be continued due to weather events the previous week. Additionally, counsel argued that, due to commitments in other civil and criminal cases, he had not had an opportunity to prepare a written brief in response to the motion for judgment on the pleadings. Bolivar County responded that same day and argued that the hearing should not be continued and that, pursuant to Uniform Civil Rule of Circuit and County Court Practice 4.02, Thomas had ten days from the filing date on the motion for judgment on the pleadings to file a response.

¶9.     Thomas filed a response to the motion for judgment on the pleadings at approximately 10:30 p.m. the night of April 6. Attached to the response was the affidavit of Carolyn Burke, a paralegal at Norquist, Levingston, & Bailey that stated that she had hand delivered the

---

motion by Rule 56; however, if on such a motion matters outside the pleadings are not presented, and if the motion is granted, leave to amend shall be granted in accordance with Rule 15(a).

M.R.C.P. 12(c).

4

complaint as well as the filing fee to the Bolivar County Chancery Clerk on July 19, 2021.[2]

Additionally attached was the MEC notice of electronic case filing showing that on Tuesday, July 20, 2021, at 8:46 a.m., the complaint was entered into MEC.

¶10.    The trial court denied Thomas's motion to continue. During the hearing for Bolivar County's motion for judgment on the pleadings, counsel for Bolivar County stated that allowing Thomas's response to the motion would be highly prejudicial and disrespectful and that "[t]he Court can give it value what it wants to." Counsel also stated, however, that he did not object to Burke's affidavit. The trial court wrote in its final order that Thomas had not replied to Bolivar County's motion for judgment on the pleadings. Therefore, the trial court did not consider Thomas's response in its findings.

¶11.    The trial court entered a final judgment of dismissal and held that Thomas had filed her complaint a day late under any standard. The trial court cited ***Curry v. Clemons***, 313 So. 3d 1032 (Miss. 2021), and found that the legislature's express limitation on time under Section 11-46-11(3) was jurisdictional. It stated that "[t]he judiciary cannot grant tolling on a MTCA case when the legislature has clearly stated 'failure to file within the time allowed is an absolute bar to any further proceedings under this chapter.'" *See* Miss. Code Ann. § 11-46-11(3); ***City of Tupelo v. Martin***, 747 So. 2d 822 (Miss. 1999). The trial court additionally found that Thomas's complaint was time-barred because Thomas had not caused a summons

---

[2]The affidavit states that Burke delivered the complaint to the Bolivar County Chancery Clerk. The case at issue, however, was filed in the Bolivar County Circuit Court. Thomas states in her appellate brief that the complaint was received by the circuit clerk.

5

to be issued upon the filing of her complaint; therefore, the trial court stated that she had improperly attempted to extend the 185 days granted by the legislature to 294 days.

¶12.    Thomas appealed to this Court. The sole issue on appeal is recited verbatim:

> Whether the lower court erred in finding Aelicia Thomas filed against Bolivar County, Mississippi a day late where the docket and filings in the lower court clearly show that Ms. Thomas' complaint and accompanying filing fee were timely delivered to the Bolivar County Circuit Clerk for filing on the day the statute of limitations was set to expire and established law clearly holds a complaint is 'filed' for purposes of the commencement of a civil action when it is received by the clerk?

¶13.    Additionally, after Thomas had filed her reply brief, Bolivar County filed a motion to strike under Mississippi Rule of Appellate Procedure 10(f) and argued that Thomas had raised new arguments in her reply brief that should not be considered by this Court.

## ANALYSIS

**I.      Whether Thomas filed her complaint outside of the applicable statute of limitations.**

### A.      Commencement of the Action

¶14.    "A motion for judgment on the pleadings under Mississippi Rule of Civil Procedure 12(c) raises an issue of law, thus the standard of review this Court applies is de novo." *Broadband Voice, LLC v. Jefferson Cnty.*, 348 So. 3d 305, 307 (Miss. 2022) (citing *R.J. Reynolds Tobacco Co. v. King*, 921 So. 2d 268, 270 (Miss. 2005)).

¶15.    Thomas argues that she timely filed her action under Mississippi Rule of Civil Procedure 3 by delivering her complaint, civil cover sheet, and filing fee to the clerk of the court the day the statute of limitations expired. Therefore, she contends that the trial court erred as a matter of law and that its dismissal of Bolivar County as a defendant should be

6

reversed and remanded. Bolivar County asserts that Thomas filed an incomplete suit after expiration of the statute of limitations in an MEC court and then failed to seek issuance of process for another 108 days. Therefore, according to Bolivar County, Thomas did not commence litigation until 294 days after her notice of claim.

¶16.    As previously stated, Mississippi Code Section 11-46-11(3) provides the relevant statute of limitations for MTCA cases. Bolivar County first argues that Section 11-46-11(3) controls to the exclusion of judicially created procedural tolling created by Mississippi Rule of Civil Procedure 6(a). Rule 6(a) states that

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, as defined by statute, or any other day when the courthouse or the clerk's office is in fact closed, whether with or without legal authority, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, a legal holiday, or any other day when the courthouse or the clerk's office is closed.

M.R.C.P. 6(a). It is undisputed that the statute of limitations in this case originally expired on July 18, 2021. Because that was a Sunday, however, Rule 6(a) would allow the extension of the statute of limitations to Monday, July 19, 2021.

¶17.    Bolivar County contends that the judiciary cannot grant tolling under Rule 6(a) in a MTCA case when the legislature has clearly stated, "[f]ailure to file within the time allowed is an absolute bar to any further proceedings under this chapter." Miss. Code Ann. § 11-46-11(3)(b). Section 11-46-11(3)(d)(ii) states:

> The limitations period provided in this section controls and shall be exclusive in all actions subject to and brought under the provisions of this

7

chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations that would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss. Code Ann. § 11-46-11(3)(d)(ii) (Rev. 2019).

¶18. In Thomas's reply brief before this Court, she argued that Mississippi Code Section 1-3-67 allowed deadlines falling on Sundays to run until the end of the next day on which the courthouse is open. Section 1-3-67 contains similar language to Rule 6(a), stating:

> When process shall be required to be served or notice given any number of days, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday or a legal holiday, or any other day when the courthouse or the clerk's office is in fact closed, whether with or without legal authority, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, a legal holiday, or any other day when the courthouse or the clerk's office is closed. When the period of time prescribed or allowed is less than seven (7) days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

Miss. Code. Ann. § 1-3-67 (Rev. 2019).

¶19. Bolivar County, however, contends that Thomas, for the first time in her reply brief, argues that Section 1-3-67 authorized filing on day 186. It argues that Thomas failed to raise that argument in the trial court and in her initial brief.

¶20. Thomas contends that she briefed Section 1-3-67 in the trial court and points to her Response in Opposition to Judgment on the Pleadings. As previously stated, however, her response was emailed after 10 p.m. the night before the hearing and well outside of the ten days allotted by Uniform Civil Rule of Circuit and County Court Practice 4.02. Additionally,

8

the trial court did not consider Thomas's response in its final judgment. Therefore, Thomas's response to the motion should not be considered.

¶21. Yet Thomas additionally argues that she raised Section 1-3-67 in her Appellant's Brief. In her Appellant's Brief, Thomas quoted Rule 6(a) and its language that the statute will be extended if the last day falls on a Sunday. She contends that Rule 6(a) and Section 1-3-67 utilize the same language and, thus, no new argument was added. Although Thomas did not specifically cite Section 1-3-67 in her Appellant's Brief, the issue was raised before the trial court and was argued by Bolivar County in its Appellee's Brief. Therefore, Thomas's response in her reply brief did not raise a new issue. Accordingly, we find that Section 1-3-67 authorized the extension to Monday, July 19.

¶22. Bolivar County does not dispute that a paralegal delivered the complaint, filing fee, and civil cover sheet to a clerk on July 19. Mississippi Rule of Civil Procedure 3(a) provides that "[a] civil action is commenced by filing a complaint with the court." The advisory committee note to Rule 3 states:

> Rule 3(a) establishes a precise date for fixing the commencement of a civil action. The first step in a civil action is the filing of the complaint with the clerk or judge. Service of process upon the defendant is not essential to the commencement of the action, but Rule 4(h) does require service of the summons and complaint within 120 days after the filing of the complaint.

M.R.C.P. 3 advisory comm. n. Mississippi Rule of Civil Procedure 5(e)(1) provides that "[t]he filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court . . . ." M.R.C.P. 5(e)(1).

9

¶23. Further, this Court previously has discussed at what point a youth court petition was considered *filed*: when the petition was handed to the youth court clerk or when the petition was filed by the circuit clerk. *Cortesi v. Wash. Cnty. Dep't of Hum. Servs. (In re Interest of T.L.C.)*, 566 So. 2d 691, 698 (Miss. 1990), *overruled on other grounds by In re J.T. v. Hinds Cnty. Youth Ct.*, 188 So. 3d 1192 (Miss. 2016)). This Court held that "[a] petition is deemed 'filed' when delivered to [the youth court clerk], with no necessity of filing in the circuit clerk's office." *Id.*

¶24. Thomas also cites *Cummings v. Mississippi Department of Employment Security*, 980 So. 2d 340, 345 (Miss. Ct. App. 2008), in which Cummings had filed a notice of appeal in the circuit court but had not included a civil cover sheet or decision letter "until after the statutory deadline for appeal had expired." The Court of Appeals reversed the trial court's decision to dismiss her appeal as untimely and found that Cummings had demonstrated good cause for extending the time period to appeal. *Id.* It stated that a civil cover sheet "is meant to serve an administrative purpose, not to bar an otherwise timely notice of appeal." *Id.* at 347.

¶25. Bolivar County, however, asserts that *Cummings* did not involve a jurisdictional statute under the MTCA and argues that it is distinct from a situation in which jurisdictional prerequisites exist. In *Keyes v. Mississippi Department of Employment Security*, 95 So. 3d 757, 758-59 (Miss. Ct. App. 2012), Keyes filed an appeal from the decision of an administrative judge one day after the statutory deadline. The Court of Appeals found that the statutory deadlines in Mississippi Code Sections 71-5-529 and -531 (Rev. 2011) should

10

be strictly construed and held that Keyes "ha[d] presented insufficient evidence of good cause that the circuit court or this Court should expand the statutory deadline and allow him to file his appeal." *Id.* at 760.

¶26.   Bolivar County also cites ***Breland v. Harrison County School Board***, 96 So. 3d 61, 63 (Miss. Ct. App. 2012), in which a public school teacher was terminated, and the decision was upheld by the school board. The employee filed a notice of appeal but failed to file the required bond. *Id.* The Court of Appeals rejected Breland's argument that three days should have been added to the computation under Mississippi Rule of Civil Procedure 6(e). *Id.* at 65. The Court of Appeals repeated this Court's holding that "the timely filing of an appeal is jurisdictional[,]" *id.* (citing ***Calvert v. Griggs***, 992 So. 2d 627, 631 (Miss. 2008)), and that "the Mississippi Rules of Civil Procedure do not apply to appeals from administrative agencies . . . ." *Id.* (citing ***5K Farms, Inc. v. Miss. Dep't of Revenue***, 94 So. 3d 221, 228 (Miss. 2012)). It held that Breland's complaint had been untimely filed and that the chancery court was deprived of jurisdiction. *Id.* Further, the Court of Appeals held that "Breland's failure to file a timely bond is jurisdictional and is fatal to her appeal." *Id.*

¶27.   Unlike ***Keyes*** and ***Breland***, this case does not involve an appeal from an administrative agency. Additionally, Thomas did not file her complaint outside of the statute of limitations. The docket sheet shows, in relevant part:

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/19/2021 | 1 | 8 | Civil Cover Sheet. (Thompson, Judith) (Entered: 07/20/2021) |

11

| 07/20/2021 | 2 | 10 | COMPLAINT against BOLIVAR COUNTY, MISSISSIPPI, DELTA ELECTRIC POWER ASSOCIATION, JOHN DOES 1-10, filed by AELICIA L. THOMAS. (Thompson, Judith) (Entered: 07/20/2021) |

Therefore, if this case was solely decided on the face of the pleadings, Thomas's complaint was untimely.

¶28.    Although Thomas failed to respond to Bolivar County's judgment on the pleadings, however, Bolivar County did not object to Burke's affidavit stating that she had delivered the complaint, civil cover sheet, and filing fee to the clerk on July 19, 2021, the last day of the statute of limitations. Bolivar County also concedes that "[a] paralegal dropped off the undated complaint for filing on Monday and civil cover sheet on July 19, 2021 [Day 186]." Accordingly, delivery of the complaint, civil cover sheet, and filing fee to the appropriate clerk completed the filing of the action.

¶29.    The Administrative Procedures for Mississippi Electronic Courts (APMEC) support this conclusion. Mississippi Rule of Civil Procedure 5(e)(2) states that, "[a] court may, by local rule, allow pleadings and other papers to be filed, signed, or verified by electronic means in conformity with the Mississippi Electronic Court System procedures. Pleadings and other papers filed electronically in compliance with the procedures are written papers for purposes of these rules." M.R.C.P. 5(e)(2). The advisory committee note to Rule 5 states:

> An electronic case management system and electronic filing system, known as the Mississippi Electronic Court System (MEC) is optional for the chancery, circuit and county courts; however, the procedures of the MEC must be followed where a court has adopted and implemented the MEC by local rule. Therefore, to the extent the MEC procedures address service and filing of pleadings and other papers, the procedures should be followed to satisfy

12

Rule 5(e) and Rule 5(b). For purposes of Rule 5(e), the MEC procedures provide reasonable exceptions to the requirement of electronic filing.

M.R.C.P. 5 advisory comm. n. Under MEC Administrative Procedures Section 6(A)(1),

**Civil complaints** cannot be initiated electronically via the MEC system. The clerk's office will accept original complaints and the required civil cover sheet by conventional filing, i.e., a hard copy . . . delivered in person to the clerk's office. The complaint **must be accompanied by the required filing fee** before the filing is completed.

APMEC § 6(A)(1). Section 1(D) defines *conventional filing* as "presentation to the clerk's office of a hard copy of a document which cannot or should not be filed electronically." APMEC § 1(D).

¶30. Accordingly, because Thomas's complaint was delivered to the clerk on the day that the statute of limitations expired, her complaint was timely filed.

### B. Summonses

¶31. Bolivar County additionally argues that because Thomas had not submitted a summons to be issued until 108 days after filing her complaint, she had not submitted the civil cover sheet and complaint with the bona fide intention of having it immediately served. It contends, and the trial court agreed, that the failure to submit a summons for issuance within the tolling allowed under Section 11-46-11(3) in a mandatory MEC court renders an action untimely. We find that because Thomas submitted summons to be issued 108 days after filing her complaint, she was within the time allotted by Rule 4(h).

¶32. In Thomas's brief, she did not address the trial court's secondary holding that she had improperly attempted to extend the 185 days granted by the legislature to 294 days by not submitting a summons for issuance within the tolling authorized by the Mississippi

13

Legislature under Section 11-46-11(3). In Thomas's reply brief, however, she argued that no summons is required to be immediately issued to toll the statute of limitations. Bolivar County asserts that the argument in Thomas's reply brief regarding the issuance of summons should be struck.

¶33. Thomas argues that Bolivar County's contention essentially is that an original civil action was not actually *filed* within the meaning of the MTCA or the Mississippi Rules of Civil Procedure until a summons was requested and issued. She points to her brief in which she argued when a complaint must be filed under the MTCA and the requirements for filing a pleading. We agree and further find that because the issue was raised by Bolivar County in the trial court and in Bolivar County's brief, Thomas was entitled to respond to the arguments raised.

¶34. The advisory committee note to Mississippi Rule of Civil Procedure 3 provides that

> [t]he first step in a civil action is the filing of the complaint with the clerk or judge. Service of process upon the defendant is not essential to commencement of the action, but Rule 4(h) does require service of the summons and complaint within 120 days after the filing of the complaint.

M.R.C.P. 3 advisory comm. n.

¶35. Bolivar County contends that the MEC procedures changed the modern Mississippi Rules of Civil Procedure concept of a clerk automatically issuing process by placing the burden on the filing attorney. Bolivar County argues that, to be considered timely, Thomas must rely upon judicially created tolling via the Mississippi Rules of Civil Procedure to extend the 185 days granted by the legislature to 294 days. Thus, it asserts that the failure to

14

submit summons for issuance within the tolling authorized by Section 11-46-11(3) in a mandatory MEC court renders the action untimely.

¶36.   Under our State's Constitution, "[t]he powers of the government of the State of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another." Miss. Const. art. 1, § 1. Article 1, section 2, prohibits the exercising of "any power properly belonging to either of the others." Miss. Const. art. 1, § 2. The judicial power of the State belongs to the Supreme Court, and the judiciary has "the power to promulgate rules necessary to accomplish the judiciary's constitutional purpose." *Newell v. State*, 308 So. 2d 71, 77 (Miss. 1975) (citing Miss. Const. art. 6, § 144). Bolivar County argues that the Rules of Civil Procedure are written pursuant to judicial power but that a jurisdictional statute falls outside rules of judicial procedure.

¶37.   Historically, an action was commenced upon filing a complaint with the clerk and issuance of summons. Mississippi Code (1906) § 728 (Hemingway's Code § 511), stated:

> Except in cases in which it is otherwise provided, the manner of commencing an action in the circuit court shall be by filing in the office of the clerk of such court a declaration, on which a summons for the defendant shall be immediately issued; and an action shall, for all purposes, be considered to have been commenced and to be pending from the time of the filing of the declaration, if a summons shall be issued thereon for the defendant, and, if not executed, other like process, in succession, may be issued, in good faith, for the defendant.

*Stewart v. Pettit*, 94 Miss. 769, 48 So. 5, 6 (1909) (quoting Miss. Code (1906) § 728, Code of 1906 (Hemingway's Code § 511)).

¶38. In contrast, under modern law, Mississippi Rule of Civil Procedure 4(a) requires that the clerk issue summons upon the filing of the complaint. M.R.C.P. 4(a). Yet Bolivar County contends that when it joined MEC, the duty of summons once again shifted. MEC Administrative Procedures Section 6(A)(2) provides: "**Summonses and subpoenas** shall not be filed in MEC prior to issuance. A party may either deliver in person or send to the clerk's office by United States mail or e-mail proposed summonses and subpoenas for issuance by the clerk." APMEC § 6(A)(2). Therefore, Bolivar County argues that the administrative procedures modify the duty of the clerk and shift the burden back to the filing attorney to submit a summons for issuance. According to Bolivar County, this shift reinitiated the requirement that the issuance of summons be performed within the statute of limitations.

¶39. We disagree. Mississippi Code Section 11-46-11(1) provides that "[a]fter all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in any action at law or in equity . . . ." Miss. Code Ann. § 11-46-11(1) (Rev. 2019). As discussed above, Thomas complied with the provisions of the MTCA by delivering her complaint to the clerk of court within the statute of limitations. Although the MTCA provides that "[a]ll actions brought under this chapter shall be commenced within one (1) year next after the date of the . . . actionable conduct . . . .[,]" it does not alter when an action is considered "commenced." Miss. Code Ann. 11-46-11(3)(a). Therefore, we turn to the Rules of Civil Procedure to determine the commencement of an action—"by filing a complaint with the court." M.R.C.P. 3(a). The advisory committee note to Rule 3 expressly states that "[s]ervice of process upon the defendant is not essential

16

to commencement of the action . . . ." M.R.C.P. 3(a) advisory comm. n. And while Bolivar County argues that MEC shifted the burden regarding summonses, MEC Administrative Procedures Section 6(A)(1) states:

> Civil complaints cannot be initiated electronically via the MEC system. The clerk's office will accept original complaints and the required civil cover sheet by conventional filing, i.e., a hard copy sent by United States mail or delivered in person to the clerk's office. The complaint **must be accompanied by the required filing fee** before the filing is completed.

APMEC § 6(A)(1). Thus, an action is commenced with the clerk's receipt of the original complaint, required civil cover sheet, and filing fee, and the immediate submission of summons to be issued is not required.

## CONCLUSION

¶40.  It is undisputed that Thomas's complaint, civil cover sheet, and filing fee were delivered to the clerk on July 19, 2021. Because this was within the applicable statute of limitations, we reverse the trial court's holding that Thomas's case was time-barred and remand for proceedings consistent with this opinion. Further, we deny Bolivar County's motion to strike.

¶41.  **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

17