LEE, P.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On May 26, 2004, William Smith pleaded guilty in the Saltillo Municipal Court to driving under the influence, first offense. He was ordered to pay a fíne, which he agreed to pay in installments. After the final installment of his fine was paid, the municipal court clerk noticed that the court abstract had not been sent to the Mississippi Department of Public Safety. She sent the information in May 2006. When the Department of Public Safety received this information, Smith was sent notice by mail that his driver’s license would be suspended for ninety days.
 

 ¶ 2. Smith filed a complaint against the City of Saltillo, Mississippi (the City), alleging that he incurred $70,000 in damages for lost wages in his job as a truck driver due to the suspension of his license in 2006. He had stopped driving for ninety days in 2004 under the assumption that his license was suspended immediately following his guilty plea. Although Smith argues that the municipal court ordered his license to be suspended, we note that only the Commissioner of Public Safety had the authority to suspend Smith’s license. Miss.Code Ann. § 63-1-29 (Rev.2004). The City filed a motion to dismiss and a motion for summary judgment, asserting immunity under the Mississippi Tort Claims Act (MTCA). Miss.Code Ann. § ll-46-9(l)(a) (Supp.2009). A hearing was held in the Lee County County Court. On October 31, 2008, the county court found that the City was immune under the MTCA and dismissed Smith’s claims with prejudice.
 

 ¶ 3. On November 10, 2008, Smith appealed to the Circuit Court of Lee County. The City did not receive notice of the appeal until March 30, 2009, when the City’s attorney received a briefing schedule dated November 10, 2008. Smith’s counsel states that he was also unaware of the briefing schedule until March 30. Counsel for the City contacted the county court, which advised him that it had never received a copy of the notice of appeal. On March 31, 2009, Smith filed a motion for additional time to file his brief. His motion was granted. On April 17, 2009, the City responded with a motion to vacate the order granting additional time and a motion to dismiss the appeal. A hearing was held on May 15, 2009. On May 19, 2009, the circuit court granted the City’s motions. The circuit court held that dismissal of the case was warranted because Smith had failed to follow the proper procedure for an appeal from county court to circuit court.
 

 ¶ 4. Smith now appeals, arguing the following issues: (1) the circuit court im
 
 *440
 
 properly dismissed Ms appeal, and (2) the municipal court clerk’s actions were not protected by sovereign immunity. We find that the circuit court erred in dismissing Smith’s appeal. However, regardless of the circuit court’s error, this claim is barred by the MTCA. Therefore, we find it unnecessary to remand this case to the circuit court as the claim is without merit.
 

 STANDARD OF REVIEW
 

 ¶ 5. The appellate court “employs a de novo standard of review of a trial court’s grant or denial of a motion to dismiss.”
 
 Spencer v. State,
 
 880 So.2d 1044, 1045 (¶ 6) (Miss.2004).
 

 DISCUSSION
 

 I. DISMISSAL OF APPEAL
 

 ¶ 6. The circuit court dismissed Smith’s appeal from county court because Smith had failed to give notice of his appeal to the parties of record and the lower court as required by Uniform Rule of County and Circuit Court 5.04. Smith also had failed to secure the record from the lower court and obtain a cost bond. M.R.A.P. 11; URCCC 5.04, 5.09. Smith argues that regardless of his failure to comply with the applicable rules in appealing his case, it was the responsibility of the circuit court to notify him of any deficiencies in his appeal and allow him fourteen days to correct those deficiencies.
 

 ¶ 7. The supreme court has held that “[a]n appeal from county court to circuit court is controlled by the Mississippi Rules of Civil Procedure ..., the [Uniform Rules of Circuit and County Court], and the [Mississippi Rules of Appellate Procedure].”
 
 Am. Investors, Inc. v. King,
 
 733 So.2d 830, 832 (¶ 4) (Miss.1999). Mississippi Rule of Appellate Procedure 2(a)(2) states that an appeal may be dismissed for failure to comply substantially with the rules of appellate procedure. The rule goes on to state that if the court determines that dismissal may be warranted, “the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (14) days after notification, the appeal shall be dismissed by the clerk of the [s]upreme [c]ourt.” Mississippi Rule of Appellate Procedure 3(a) states that: “Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the perfection of the appeal, but is ground only for such action as the [s]u-preme [c]ourt deems appropriate, which may include dismissal of the appeal.”
 

 ¶ 8. In this case, the applicable court is the circuit court, not the supreme court. However, we must follow the guidance provided by our supreme court. When deficiencies exist in the proper perfection of an otherwise timely appeal from county court to circuit court, Rule 2(a)(2) of the Mississippi Rules of Appellate Procedure applies. That rule requires fourteen-days notice by the court clerk before sanctions, such as dismissal, may be imposed. Smith perfected his appeal within thirty days of the entry of the final judgment by the county court by filing a notice of appeal. However, no other action was taken. The City filed its motion to dismiss on April 17, 2009, and the case was dismissed on May 19, 2009. Smith received constructive notice that he had failed to comply with the rules of appellate procedure when he received the motion to dismiss on April 17. However, Smith did not receive actual notice from the circuit court clerk. The supreme court has held that a “motion to dismiss cannot be substituted for an official notice of deficiencies from the court clerk. Even where a party has
 
 *441
 
 moved to dismiss, the plain language of the rule requires a notice from the clerk of the deficiency and a fourteen day opportunity to cure the deficiency.”
 
 Van Meter v. Alford,
 
 774 So.2d 430, 432 (¶ 4) (Miss. 2000).
 

 ¶ 9. We find this case analogous to
 
 Van Meter.
 
 Wallace Van Meter’s appeal from county court to circuit court was dismissed for the failure to follow several rules of appellate procedure.
 
 Id.
 
 at 432 (¶ 3). Van Meter filed his notice of appeal on July 23, 1998, and a motion to dismiss was filed by Bobby Alford on September 2. The case was dismissed on September 23, 1998. On September 4, two days after the motion to dismiss was filed, Van Meter corrected the deficiencies in his appeal.
 
 Id.
 
 at 431 (¶ 2). The supreme court reversed the dismissal of Van Meter’s case and remanded for further proceedings, finding that Van Meter was “deprived of due process when his appeal was dismissed because he was not given an official notice of deficiencies in his appeal by the circuit clerk.”
 
 Id.
 
 at 432 (¶ 4). The supreme court noted that although “[t]he administration of justice was hindered” by Van Meter’s inaction, there was no evidence of “clear delay or contumacious conduct” that warranted dismissal without the consideration of another penalty, such as sanctions.
 
 Id.
 
 at 432-33 (¶¶ 8-10).
 

 ¶ 10. We find that Smith was deprived of due process when the circuit court failed to allow him fourteen days to correct the deficiencies in his appeal before granting the motion to dismiss. There was no accusation that Smith’s attorney caused the delay in bad faith. Smith’s attorney presented an affidavit and documentation of extenuating circumstances relating to his health and the health of his family members during the time of the dismissal. This issue requires our reversal of the circuit court’s judgment.
 

 II. MTCA
 

 ¶ 11. Despite the circuit court’s error, we find it unnecessary to remand this case to the circuit court as Smith’s original claim is barred by the MTCA.
 

 ¶ 12. Mississippi Code Annotated section 11 — 46—9(l)(a) states: “A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: (a) Arising out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature!.]” The failure of the municipal court clerk to send Smith’s abstract to the Department of Public Safety was an “administrative action or inaction of a legislative or judicial nature.” As it is clear this claim falls under the MTCA, the parties have requested in their briefs that this Court address this issue instead of remanding the case to the circuit court for it to simply find that the claim is barred. Therefore, we find that Smith’s claim is clearly barred by the MTCA, and his appeal is without merit. In the interest of judicial economy and conservation of resources of the parties, we render judgment in favor of the City.
 

 ¶ 13. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR. MAXWELL, J., NOT PARTICIPATING.