ROBERTS, J.,
for the Court:
¶ 1. Dominique Keyes was an employee at Sanderson Farms, but, according to Keyes, his employment was terminated on January 3, 2011. Keyes filed for unemployment benefits; however, he was disqualified from receiving these benefits. He appealed the decision to. the Mississippi Department of Employment Security (MDES) Board of Review. The Board of Review affirmed the disqualification of Keyes’s unemployment benefits and mailed its decision to Keyes on July 29, 2011. In its decision, the Board of Review informed Keyes he had twenty days from July 29, 2011, to appeal the decision to the circuit court. The last day to file timely was August 18, 2011. Keyes filed his appeal in the circuit court on August 19, 2011. On September 7, 2011, the circuit court dismissed Keyes’s appeal because it was untimely filed. Keyes now appeals.[1]
FACTS AND PROCEDURAL HISTORY
¶ 2. Keyes began working at Sanderson Farms on July 23, 2009, but after his shift on January 3, 2011, Keyes claimed he was informed by his direct supervisor that his employment was terminated because he violated Sanderson Farms’s absenteeism policy. Sanderson Farms disputed Keyes’s assertion that he was terminated on January 3, 2011, but instead asserted that he was actually terminated on January 7, 2011, after failing to come to work for three consecutive days without giving notice. Keyes filed for unemployment benefits, and MDES concluded that Keyes voluntarily left employment and was disqualified from receiving unemployment benefits. Keyes appealed this finding to an administrative law judge (ALJ). The ALJ conducted a telephonic hearing on May 24, 2011. Keyes, his attorney, and a representative of Sanderson Farms participated in the hearing. The ALJ disqualified Keyes from receiving unemployment benefits. Keyes then appealed the ALJ’s decision to the MDES Board of Review. On July 27, 2011, the Board of Review issued its decision adopting the ALJ’s findings of fact and affirming the ALJ’s decision to disqualify Keyes from receiving unemployment benefits. This decision was *759 mailed to Keyes on July 29, 2011, and informed him that “[a]n appeal may be filed in the [c]ircuit [c]ourt in the county in which you reside by [August 18, 2011], which is [twenty] calendar days from the date this decision was mailed.”
¶ 8. Keyes filed his appeal on August 19, 2011, one day after the statutory deadline. On August 29, 2011, MDES filed a motion to dismiss Keyes’s appeal, arguing that it was untimely filed. The circuit judge granted MDES’s motion to dismiss on September 7, 2011. Keyes now appeals and raises the following issue: “Whether [Keyes] was entitled to benefits on the reason for separation from employment[,] and whether the employer’s experience rating is chargeable for benefits which may be paid to the claimant.”
ANALYSIS
¶ 4. Although Keyes attempts to argue the merits of the denial of his unemployment benefits, the current appeal stems from the circuit court’s decision to grant MDES’s motion to dismiss Keyes’s appeal as untimely. This Court’s standard of review when examining a circuit court’s grant of a motion to dismiss is de novo. Smith v. City of Saltillo, 44 So.3d 488, 440 (¶ 5) (Miss.2010) (citing Spencer v. State, 880 So.2d 1044,1045 (¶ 6) (Miss.2004)).
¶ 5. On September 7, 2011, the circuit court entered an order dismissing Keyes’s motion to appeal the Board of Review’s decision, finding as the basis for its decision to dismiss that Keyes’s appeal was untimely filed. We affirm the circuit court’s judgment.
¶ 6. According to Mississippi Code Annotated section 71-5-529 (Rev.2011), in an unemployment-benefits case, the Board of Review’s decision becomes final ten days after the date of notification. Thus, in the current case, the Board of Review’s decision became final on August 8, 2011. Mississippi Code Annotated section 71-5-531 (Rev.2011) provides that “[w]ithin ten (10) days after the decision of the Board of Review has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action, in the circuit court of the county in which the plaintiff resides, against the department for the review of such decision[.]” Under section 71-5-531, Keyes had an additional ten days to appeal the Board of Review’s decision to the circuit court. Sections 71-5-529 and 71-5-531 provided Keyes a total of twenty days from July 29, 2011. Since the Board of Review’s decision became final on August 8, 2011, Keyes’s appeal should have been filed by August 18, 2011; Keyes filed his appeal on August 19, 2011, which was one day too late.
¶ 7. In Mississippi Employment Security Commission v. Powell, 787 So.2d 1277, 1281 (¶ 15) (Miss.2001) (citing Wilkerson v. Mississippi Employment Security Commission, 630 So.2d 1000,1002 (Miss.1994)), the Mississippi Supreme Court held that although there were no cases specifically dealing with the statutory deadlines found in sections 71-5-529 and 71-5-531, other statutory deadlines, such as those in Mississippi Code Annotated section 71-5-517 (Rev.2011), were strictly construed and could not be expanded absent a showing of good cause, such as an event affecting a party’s right through no fault of the party. The supreme court found that the circuit court erred in allowing Kim Powell to reopen her appeal after the circuit court had previously dismissed the appeal as untimely since she filed her appeal over two months after the statutory deadline. Powell, 787 So.2d at 1281-82 (¶¶ 15, 17). The previous circuit court judgment dismissing Powell’s motion as untimely was reinstated. Id. at 1282 (¶ 17).
¶ 8. The case before us today is distinguishable from Cummings v. Mississippi *760 Department of Employment Security, 980 So.2d 340, 345-46 (¶ 16) (Miss.Ct.App. 2008), in which this Court found that Theresa Cummings had demonstrated good cause sufficient to extend the statutory deadline and allow her appeal. In that case, Cummings timely filed her appeal but failed to file the required civil cover sheet until after the statutory deadline. Id. at 344 (¶ 11). The circuit court dismissed her appeal finding that it was untimely filed. Id. at (¶ 12). This Court found that Cummings demonstrated good cause sufficient to extend the statutory deadline because her notice of appeal was timely filed and none of the applicable statutes, rules of procedure, or documents from the Board of Review informed Cummings that a civil cover sheet was required to perfect her appeal. Id. at 345-46 (¶¶ 16-17). In the current case, Keyes filed his appeal one day too late and has presented insufficient evidence of good cause that the circuit court or this Court should expand the statutory deadline and allow him to file his appeal.
¶ 9. Because we strictly construe the statutory deadlines found in sections 71-5-529 and 71-5-531, and cannot find good cause sufficient to expand them, we hold that the circuit court properly dismissed Keyes’s appeal as untimely.
¶ 10. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. The Mississippi Supreme Court entered an order on January 25, 2012, consolidating Dominique Keyes v. Mississippi Department of Employment Security, No. 2011-CC-01445 with Donnell Keyes v. Mississippi Department of Employment Security, No. 2011-CC-01446 for appeal.