MAXWELL, J.,
for the Court:
¶ 1. In this unemployment-benefits case, Brenda Fair appeals the circuit court’s *166 dismissal of her appeal from the Mississippi Department of Employment Security Board of Review. Because Fair did not file her appeal within twenty days, as- required by statute, we agree with the circuit court that her appeal was untimely. Thus, we affirm the dismissal.
Facts and Procedural History
¶ 2. Fair sought unemployment benefits, claiming she had been laid off by her employer, the Hamilton-Ryker Group. On June 26, 2012, the MDES claims examiner denied Fair’s request on the basis that Fair had “voluntarily left work because of personal reasons.” Disagreeing that she had left work voluntarily, Fair appealed to the administrative law judge (ALJ), who on July 24, 2012, affirmed the claims examiner’s decision. Fair then appealed to the Board, which also affirmed the ALJ’s decision to deny benefits.
¶ 3. The Board mailed its decision to Fair on August 17, 2012. The Board’s written decision not only advised Fair of its denial, but also notified her in writing that “[a]n appeal may be filed in the [c]ir-euit [cjourt in the county in which you reside by 09/06/2012, which is 20 calendar days from the date this decision was mailed.” But Fair did not adhere to the September 6, 2012 deadline. Instead, she waited until September 14, 2012, to appeal to the circuit court. Citing the untimeliness of Fair’s appeal, the MDES filed a motion to dismiss. The circuit court agreed Fair’s appeal was untimely and entered an order of dismissal. Fair now appeals.
Discussion
¶ 4. While Fair argues the merits of the Board’s denial of her request for unemployment benefits, the circuit court’s dismissal was based solely on the untimeliness of her appeal. We review a trial judge’s grant of a motion to dismiss de novo. Keyes v. Miss. Dep’t of Emp’t Sec., 95 So.3d 757, 759 (¶ 4) (Miss.Ct.App.2012).
¶ 5. It is not missed by this court that Fair’s brief, which is more akin to a letter than an appellate brief, does not comply with Rule 28(a) of the Mississippi Rules of Appellate Procedure in several material respects. And this noncompliance alone serves as a procedural bar to our review.[1] Still, aside from her procedural defaults, we find the circuit court properly dismissed Fair’s appeal as time-barred.
¶ 6. There are two relevant time periods we view in combination when assessing the timeliness of the appeal in an unemployment-benefits case. The first concerns the actual decision of the Board, which becomes “final” ten days after the date of notification. Miss.Code Ann. § 71-5-529 (Rev.2011). And here, the Board’s decision was mailed on August 17, 2012. So it became final on August 27, 2012.
¶ 7. The second relevant time period is also statutory and gave Fair an additional “ten (10) days after the decision of the [Board] ha[d] become final” to secure judicial review by commencing an action, in the circuit court of the county in which she resides, against the reviewing department. Miss.Code Ann. § 71-5-531 (Rev.2011). Thus, just as Fair had been notified in the Board’s written denial of benefits, she had a total of twenty days from the date of mailing to appeal the Board’s decision to the circuit court. See Keyes, 95 So.3d at 759 (¶ 6) (finding under sections 71-5-529 and 71-5-531, an aggrieved party has a total of twenty days to appeal).
*167 ¶ 8. But by waiting until September 14, 2012, to appeal, Fair missed the twenty-day deadline of September 6, 2012. While her appeal was only eight days late, in Keyes we held a mere one day tardiness required dismissal. Id. at 759-60 (¶¶ 6-8).
¶ 9. Because we “strictly construe” these statutory deadlines, and find no good cause to extend them here, we find the circuit judge properly dismissed Fair’s appeal as untimely. See id. at 760 (¶ 9). We affirm.
¶10. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. There is no statement of the issues, statement of the case, summary of the argument, argument, or conclusion. See M.R.A.P. 28(a)(3) — (7). An appellant’s failure to present her brief in this required fashion is a procedural bar to appellate review.