# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01510-COA

MAXINE SMITH                                                                 APPELLANT

v.

MISSISSIPPI DEPARTMENT OF                                                      APPELLEE
EMPLOYMENT SECURITY

DATE OF JUDGMENT:              09/25/2014
TRIAL JUDGE:                  HON. MARCUS D. GORDON
COURT FROM WHICH APPEALED:    SCOTT COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       MAXINE SMITH (PRO SE)
ATTORNEYS FOR APPELLEE:       ALBERT BOZEMAN WHITE
                              LEANNE FRANKLIN BRADY
                              ANNA CRAIN CLEMMER
NATURE OF THE CASE:           CIVIL - STATE BOARDS AND AGENCIES
TRIAL COURT DISPOSITION:      APPEAL FROM DEPARTMENT OF
                              EMPLOYMENT SECURITY DECISION
                              DISMISSED
DISPOSITION:                  AFFIRMED - 01/19/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Maxine Smith, appearing pro se, appeals the decision of the Circuit Court of Scott

County, which dismissed her appeal as untimely. She had appealed the decision of the Board

of Review (Board) of the Mississippi Department of Employment Security (MDES), which

had affirmed the administrative law judge's (ALJ) denial of unemployment benefits.

Agreeing with the circuit court that Smith's appeal to the circuit court was untimely, we

affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     Smith was terminated from Scott Regional Hospital for a HIPAA violation.[1] She had been employed there for twenty-five years.   After her termination, she filed for unemployment benefits.  At a hearing before the ALJ, she was denied benefits.  Smith appealed the decision to the Board, which affirmed, adopting the ALJ's fact-finding and decision.

¶3.     The Board's decision was dated and mailed to Smith on March 28, 2014, as was stated twice in the document.  The Board's decision outlined Smith's appeal rights and deadlines, stating:  "An appeal may be filed in the Circuit Court in the county in which you reside by 04/17/2014, which is 20 calendar days from the date this decision was mailed . . . ."  In July 2014, Smith wrote a letter to MDES inquiring about the status of her appeal.  On July 29, 2014, MDES's senior attorney responded by letter explaining that the Board's decision had been mailed to her on March 28, 2014, and that her right to appeal with the circuit court expired on April 17, 2014, twenty calendar days from the date the decision was made. Attached to the letter was a copy of the Board decision, which, on its face, represented that it was mailed on March 28.

¶4.     On August 18, 2014, approximately four months past the twenty-day appeal deadline, Smith filed her appeal with the Scott County Circuit Court.  She claimed she never received the Board's decision until she requested it in July, and her appeal was timely, as she appealed within twenty days of July 29, 2014 MDES letter.  She also challenged her denial of

---

[1] The Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, 110 Stat. 1936 (1996).

unemployment benefits.

¶5.     MDES responded by filing a motion to dismiss in the circuit court, claiming Smith's appeal was untimely, to which Smith filed a response. However, the circuit court agreed with MDES and dismissed Smith's appeal as untimely. In response, Smith filed a motion to reconsider, and an amended motion to reconsider, which the circuit court overruled. Smith then appealed to this Court.

## STANDARD OF REVIEW

¶6.     The standard of review for an appellate court's examination of a circuit court's grant of a motion to dismiss is de novo. *Keyes v. Miss. Dep't of Emp't Sec.*, 95 So. 3d 757, 759 (¶4) (Miss. Ct. App. 2012) (citing *Smith v. City of Saltillo*, 44 So. 3d 438, 440 (¶5) (Miss. 2010)).

## ANALYSIS

¶7.     Smith argues the circuit court erred in dismissing her appeal as untimely. She claims the real issue is that her "due process rights are so 'cut off' that [she] only received notice of the [B]oard's decision per [her] request for it"; and her untimeliness is not the issue. We disagree.

¶8.     On February 19, 2014, Smith appealed the ALJ's denial of unemployment benefits. The Board sent Smith an "Acknowledgment of Appeal Filed" document dated February 20, 2014, which stated its decision on her appeal would be "forthcoming." On March 28, 2014, the Board issued its decision affirming the ALJ's denial of benefits. The document stated at its top the "Date Mailed" was March 28, 2014, and at the bottom it stated, "Dated and

mailed on 03/28/2014." It also explained the appellant's appeal rights and deadlines – specifically stating the deadline of April 17, 2014 – in connection with a further appeal to the circuit court.

¶9. In contrast, Smith recounts that the first time she learned of the Board's March 28, 2014 decision was after she requested an update on her appeal and an MDES senior attorney sent a copy of the decision to her physical home address on July 29, 2014, via United States Postal Service mail. She claims she had been "electronically advised" of the ALJ's denial of benefits, and she had "electronically reported" her job searches. In her reply brief, she explains: "[I]t appears that MDES deleted its electronic communications contact route available for [my] filing and reporting, and [I] was unable to locate anything regarding [the] Board of Review appeal decision." She also claims she was "now unable to electronically communicate with MDES." At that point, in July, nearly four months after the appeal deadline, Smith requested MDES physically mail her the status of her appeal. Smith argues her appeal is not untimely because it was filed within twenty days of the July 29 mailing.

¶10. An appeal of a decision by the Board regarding unemployment benefits is governed by Mississippi Code Annotated sections 71-5-529 and -531 (Rev. 2011). Under these code sections, Smith had a total of twenty days from the date of March 28, 2014, to appeal to the circuit court.[2] Thus, Smith's appeal should have been received by April 17, 2014, as was

---

[2] Under section 71-5-529, the Board's decision becomes final ten days after the date of notification, and under section 71-5-531, within ten days after the Board's decision becomes final, a party may appeal to the circuit court for judicial review.

noted in the decision sent to her at her last known address on March 28.[3] Smith filed her appeal with the circuit court on August 18, 2014, over four months late.

¶11.    Statutory deadlines must be strictly construed unless there is a showing of good cause, "such as an event affecting a party's right through no fault of the party." *Keyes*, 95 So. 3d at 760 (¶7) (citing *Miss. Emp't Sec. Comm'n v. Powell*, 787 So. 2d 1277, 1281 (¶15) (Miss. 2001)). In *Keyes*, the claimant filed his appeal one day late and offered no evidence of good cause; this Court affirmed the circuit court's dismissal of his appeal. *Id.* at (¶¶8-9). Unforeseen circumstances and failure to understand what is required to appeal do not constitute good cause. *Powell*, 787 So. 2d at 1281 (¶16).

¶12.    Smith appears to claim that MDES and the circuit court have purposefully "cut off" her due-process rights. She accuses the Board of not sending her its decision until she requested it on July 14, 2014, in spite of the fact the document states the contrary. Importantly, she offers no proof to support her claims except her own statements. Smith also complains that her appeal had been filed in the circuit court for thirty days without a response from MDES, before it sent an untimely motion to dismiss and prepared order for dismissal, and Smith had no knowledge of these actions.

¶13.    The copy of the decision by the Board, dated March 28, with the line stating "date mailed March 28," and resent to Smith by MDES on July 29, is admissible under the business-records hearsay exception found in Mississippi Rule of Evidence 803(6). MDES

---

[3] This address is the same address where the July 2014 notice was sent, and received by Smith, and the same address Smith used in all of her trial court pleadings and appellate documents.

5

offered this document as proof that the decision was mailed March 28. However, just because the document stated it was mailed March 28, the date it was anticipated to be mailed, does not make it a certainty the document was actually mailed. It would have been better for MDES to enter into evidence an affidavit by a person with knowledge of its mailing procedure in order to show that the document was actually mailed March 28. However, the document is admissible evidence of mailing.

¶14. Smith offers no proof of good cause other than her own statement that she never received the March 28 Board decision. This simply is not enough. *See Davis v. Miss. Dep't of Emp't Sec.*, 147 So. 3d 385, 386-87 (¶¶5, 9) (Miss. Ct. App. 2014) (appellant's claim he never received ALJ's decision insufficient to establish good cause); *Miss. Dep't of Emp't Sec. v. Good Samaritan Pers. Serv. Inc.*, 996 So. 2d 809, 813-14 (¶12) (Miss. Ct. App. 2008) (employer did not show "good cause" for untimely appeal to Board when it merely presented two witnesses that testified they never saw notification letter from claims examiner's decision). The notice clearly states the appeal deadline was April 17, 2014. And yet Smith waited two more weeks after receiving a copy of the notice in July to submit an untimely notice of appeal in August. MDES claims the notice was mailed to her last known address on March 28, 2014, and the notice states this fact twice. Further, MDES's motion to dismiss was proper and not untimely.

¶15. Because the statutory deadlines of sections 71-5-529 and -531 are strictly construed, and Smith provides no proof of good cause to extend them, we find the circuit court properly dismissed Smith's appeal as untimely.

6

¶16.   **THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT IS AFFIRMED.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**