# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00866-COA

**DEAN WADLEY**  **APPELLANT**

**v.**

**KELVIN HUBBS**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/19/2021 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | KENYA REESE MARTIN |
| ATTORNEY FOR APPELLEE: | KELVIN HUBBS (PRO SE) |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND REMANDED - 05/10/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., GREENLEE AND McDONALD, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     Dean Wadley appeals from the judgment of the Hinds County Circuit Court, which dismissed his appeal from the judgment of the County Court of Hinds County as untimely. We reverse the circuit court's judgment and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

¶2.     In July 2020, Wadley obtained a judgment against Kelvin Hubbs in the Hinds County Justice Court. A warrant of removal commanded any lawful officer to remove Hubbs from 611 North Park Drive, Jackson, Mississippi, which was jointly titled to Wadley and Hubbs's grandmother—Catherine Shields. Then Hubbs appealed to the county court.

¶3.     On March 10, 2021, the county court entered a judgment in favor of Hubbs. The

county court found that Hubbs "ha[d] always been a resident of the home[,] and he ha[d] been a ward of [his] grandmother, Catherine [Shields]."  The county court permitted Hubbs "to remain in the property at the rate of $250.00 a month to be paid to . . . Wadley . . . ."

¶4.     Several days later, on March 16, 2021, Wadley filed a motion to set aside the judgment.  Wadley asserted that the warranty deed placed him and Shields as joint tenants with full rights of survivorship and that Hubbs had no property rights in the matter.  Wadley also noted that Shields had given him the authority pursuant to a durable power of attorney to remove Hubbs from the property, and Wadley argued that the county court lacked the authority to create a rental obligation.[1]

¶5.     Before the court ruled on the motion, Wadley noticed an appeal.  There are two notices of appeal in the record—one apparently electronically filed and the other a copy of a filed paper notice of appeal.  In the first notice of appeal, the header stated:

IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

However, the body of the notice of appeal stated that Wadley was appealing to the circuit court.  Specifically, the notice of appeal stated: "COMES NOW, the Defendant . . . by and through counsel of record, pursuant to the Mississippi Rules of Civil Procedure as well as the Uniform Rules for Circuit and County Court, in order to perfect this appeal to the Hinds County Circuit Court for the First Judicial District of Mississippi . . . ."  The notice of appeal was dated April 1, 2021, and it appears to have been electronically filed in the county court

---

[1] Wadley also took issue with the county court's finding that Hubbs was serving as a ward of Shields.

cause number on April 1, 2021.

¶6.     The second notice of appeal appears identical to the first, with two main exceptions. First and most importantly, the document was file stamped April 1, 2021, by Hinds County Circuit Court Clerk Zack Wallace. Second, the document appears to have been electronically filed in the circuit court cause number on July 20, 2021.

¶7.     On April 13, 2021, the county court entered its final judgment. The order stated, "having heard the Motion . . . for Reconsideration . . . [t]he court hereby finds that the [c]ourt's previous order stands."

¶8.     On June 4, 2021, the Hinds County Circuit Court Clerk filed a notice of completion stating that the record had been completed "for appeal to the Hinds County Circuit Court in cause number 20-2875 . . . on file with the Circuit Clerk of Hinds County . . . ." Additionally, the circuit clerk filed a statement of cost indicating that Wadley had paid the court reporter directly for the transcript and pre-paid the costs of appeal.

¶9.     On July 19, 2021, the circuit court entered an order of dismissal. The circuit court noted that the county court's judgment was filed on March 10, 2021, and its order denying Wadley's motion to set aside the judgment was filed on April 13, 2021. According to the circuit court, Wadley's notice of appeal was filed in the county court on April 1, 2021. However, Wadley did not file a notice of appeal—in the form of the county court appeal record—with the circuit court clerk until July 7, 2021.[2] The circuit court dismissed Wadley's

---

[2] The court's order seemingly relied on the circuit court docket, which indicated that a notice of appeal had been filed on July 7, 2021. Additionally, the following annotation was made to the county court docket on July 7, 2021: "This [c]ause number has been appealed to [c]ircuit [c]ourt. The new cause # is 21-421 . . . ."

3

appeal with prejudice.

¶10.     Thereafter, Wadley's attorney filed an affidavit, which stated that she had hand delivered a notice of appeal to the circuit court clerk's office on April 1, 2021, and cited "MEC Entries #4 and #5." The fourth item on the circuit court docket was the docket report from the county court, and the county court docket indicated that a notice of appeal was filed on April 1, 2021. The fifth item on the circuit court docket was an entry dated July 20, 2021. The entry stated: "MISCELLANEOUS DOCUMENT: Notice of Appeal filed April 1, 2021 by DEAN WADLEY . . . ." The document itself was the second notice of appeal with the file stamp dated April 1, 2021.

¶11.     On appeal, Wadley claims that the circuit court erred by dismissing his appeal as untimely.

## DISCUSSION

¶12.     "An appeal from county court to circuit court is controlled by the Mississippi Rules of Civil Procedure . . . , the [Uniform Civil Rules of Circuit and County Court Practice], and the [Mississippi Rules of Appellate Procedure]." *Am. Invs. Inc. v. King*, 733 So. 2d 830, 832 (¶4) (Miss. 1999).

¶13.     It is well established that Rule 4 of the Mississippi Rules of Appellate Procedure provides that a notice of appeal must be filed within thirty days after the date of entry of the judgment or order appealed from. M.R.A.P. 4(a). Rule 2(a)(1) states "[a]n appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5." M.R.A.P. 2(a)(1).

4

¶14. Additionally, Rule 5.04 of the Uniform Civil Rules of Circuit and County Court Practice states, in relevant part:

> The party desiring to appeal a decision from a lower court must file a written notice of appeal with the circuit court clerk. A copy of that notice must be provided to all parties or their attorneys of record and the lower court or lower authority whose order or judgment is being appealed. A certificate of service must accompany the written notice of appeal.

The rule further states that "[t]he written notice of appeal . . . must be addressed to the appropriate court."

¶15. Here, the county court entered and filed a judgment in favor of Hubbs on March 10, 2021. Subsequently, Wadley filed a motion to set aside the judgment on March 16, 2021, and a notice of appeal on April 1, 2021. On April 13, 2021, the county court denied Wadley's motion and entered its final judgment.

¶16. The circuit court found that Wadley did not file a notice of appeal with the circuit court clerk until July 7, 2021. However, the record shows otherwise. The second notice of appeal in the record was stamped filed on April 1, 2021, by the circuit court clerk—Zack Wallace. It is true that the notice of appeal "must be addressed to the appropriate court." *Id*. Here, the header of the notice of appeal stated "IN THE COUNTY COURT . . . ." However, the body of the notice of appeal made it clear that Wadley was appealing to the circuit court. Additionally, the county court clerk and the circuit court clerk for Hinds County are the same person. The record also plainly shows the file stamp, dated April 1, 2021, of the Hinds County Circuit Court Clerk (Zack Wallace) on the notice of appeal.

¶17. Although the notice of appeal was filed before the court ruled on Wadley's motion to

5

set aside the judgment, our rules of appellate procedure state:

> If any party files a timely [post-trial] motion [as specified in Mississippi Rule of Appellate Procedure 4(d),] the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. . . . A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the [specified] motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.

M.R.A.P. 4(d); *see also* M.R.A.P. 4 cmt. ("Rules 4(d) and 4(e) now provide that a notice of appeal filed before the disposition of a specified post trial motion will become effective upon disposition of the motion."). Therefore, the notice of appeal was timely filed.[3] Because the notice of appeal was timely filed, the judgment of the circuit court was erroneous. For these reasons, we reverse the judgment of the circuit court and remand for further proceedings.

¶18. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

[3] Wadley suggests that his due-process rights were violated because the circuit court did not comply with Rule 2(a)(2) of the Mississippi Rules of Appellate Procedure. We note that Rule 2(a)(2) "requires fourteen-days notice by the court clerk before sanctions, such as dismissal, may be imposed." *Smith v. City of Saltillo*, 44 So. 3d 438, 440 (¶8) (Miss. Ct. App. 2010). This rule applies "[w]hen deficiencies exist in the proper perfection of an otherwise timely appeal from county court to circuit court." *Id*. However, based on this court's ruling, we do not reach this issue.