## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2021-CP-00658-COA

**NICHOLAS THOMPSON**                                                                    **APPELLANT**

**v.**

**AAA COOPER TRANSPORTATION**                                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/27/2021 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | NICHOLAS THOMPSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | CHARLES PATTON HENLEY JR. |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 08/09/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., McDONALD AND EMFINGER, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     This appeal arises from a circuit court's judgment dismissing an appeal from county court for lack of appellate jurisdiction. The DeSoto County Circuit Court found that Nicholas Thompson failed to file his notice of appeal or pay the cost bond within the time provided. The circuit court therefore held that because Thompson's appeal was not perfected, the circuit court lacked appellate jurisdiction.

¶2.     After our review, we find that the circuit court properly dismissed Thompson's appeal for lack of appellate jurisdiction. We therefore affirm the circuit court's judgment.

### FACTS

¶3.     AAA Cooper Transportation filed a complaint against Thompson seeking damages

from an automobile accident. The record indicates that on January 6, 2020, the DeSoto County Court entered a default judgment in favor of AAA Cooper Transportation based on Thompson's failure to plead or otherwise defend the action after he was duly served with process.

¶4. Over a year later, on January 20, 2021, Thompson filed his notice of appeal in the DeSoto County Circuit Court.[1] AAA Cooper Transportation filed a motion to dismiss Thompson's appeal, arguing that Thompson's appeal was untimely filed and that Thompson had failed to pay the cost bond, address the appeal to the proper court, include a certificate of service, have the record transmitted, or state a sufficient reason why Thompson would be entitled to an appeal on the merits.

¶5. After a hearing on the matter, the circuit court entered an order dismissing Thompson's appeal. The circuit court found that Thompson failed to file his appeal within thirty days from the date the county court's judgment was entered and that Thompson failed to post the cost bond. Accordingly, the circuit court held that it lacked jurisdiction over Thompson's appeal.

---

[1] We recognize that "when a default judgment has been entered, a party must seek relief under Rule 60(b) [of the Mississippi Rules of Civil Procedure] by filing a motion to set aside the default judgment." *Tucker v. Williams*, 198 So. 3d 299, 309 (¶22) (Miss. 2016) (citing M.R.C.P. 55(c)). Based on what appears in the record before us, Thompson did not file a motion to set aside the default judgment. In his notice of appeal to the circuit court, Thomas did not indicate that he wanted the default judgment set aside, nor did Thompson explain why he failed to plead or otherwise defend the action in county court. Rather, Thompson raised arguments addressing the underlying merits of AAA Cooper Transportation's claim against him.

¶6.     Thompson now appeals.

## STANDARD OF REVIEW

¶7.     When reviewing jurisdiction questions, we apply a de novo standard of review. *Shope v. Winkelmann*, 328 So. 3d 641, 643 (¶11) (Miss. 2021).

## DISCUSSION

¶8.     The Mississippi Supreme Court has explained that "[a]n appeal from county court to circuit court is a two-step process involving the timely filing of the notice of appeal and the timely payment of costs, as governed by Mississippi Code [Annotated] [s]ection 11-51-79 [(Rev. 2019)] and Uniform Civil Rule of Circuit and County Court Practice 5.04." *Id*. at (¶13).  Section 11-51-79 states that "[a]ppeals from the county court shall be taken and bond given within thirty (30) days from the date of the entry of the final judgment or decree on the minutes of the court[.]" Miss. Code Ann. § 11-51-79.  Additionally, Rule 5.04 provides that "[i]n all appeals, whether on the record or by trial de novo, the notice of appeal and payment of costs must be simultaneously filed and paid with the circuit court clerk within thirty (30) days of the entry of the order or judgment being appealed."  UCRCCC 5.04.  Rule 5.04 further states, "The timely filing of this written notice and payment of costs will perfect the appeal."  *Id*.

¶9.     In the case before us, the circuit court dismissed Thompson's appeal for lack of jurisdiction after finding that Thompson failed to file his notice of appeal within thirty days from the date of the entry of the county court's judgment and that Thompson also failed to

3

pay his cost bond.  Specifically, the circuit court found that Thompson filed his notice of appeal over a year from the date of the entry of the county court's judgment.  "[I]f the notice of appeal is not timely filed, the appellate court simply does not have jurisdiction." *Smith v. Parkerson Lumber Inc.*, 890 So. 2d 832, 834 (¶12) (Miss. 2003); *accord* M.R.A.P. 2(a)(1) ("An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to [Mississippi] Rules [of Appellate Procedure] 4 or 5.").  Similarly, "if the appellant fails to timely pay his cost bond, his appeal is not perfected, and the circuit court has no choice but to dismiss the case for lack of appellate jurisdiction." *Keller v. State*, 330 So. 3d 788, 791 (¶4) (Miss. Ct. App. 2021) (citing *Gibson v. Bell*, 312 So. 3d 318, 324 (¶25) (Miss. 2020)).

¶10.    In his appellate brief, Thompson does not dispute that he failed to comply with the requirements of section 11-51-79 and Rule 5.04.  Thompson also does not address the circuit court's order dismissing his appeal for lack of jurisdiction.  Although the county court's order granting a default judgment in favor of AAA Cooper Transportation does not appear in the record before us, the circuit court's order of dismissal provides the date of the entry of the default judgment, as well as the cause number.  "The burden rests upon the appellant to provide a record that contains all information needed for an understanding of matters relied upon for reversal on appeal." *Wells v. Price*, 102 So. 3d 1250, 1259 (¶30) (Miss. Ct. App. 2012).  "Even when our review is de novo, the trial court's judgment is always presumed to be correct, and the burden falls upon the appellant to show reversible error.  If the appellant fails to demonstrate reversible error, the judgment must be affirmed." *Satterfield v. State*,

4

158 So. 3d 380, 382 (¶4) (Miss. Ct. App. 2015) (citation omitted).

¶11. We also find that Thompson's appellate brief "does not comply with Rule 28(a) of the Mississippi Rules of Appellate Procedure in several material respects." *Fair v. Miss. Dep't of Emp. Sec.*, 122 So. 3d 165, 166 (¶5) (Miss. Ct. App. 2013). Specifically, Thompson's brief fails to contain a certificate of interested persons, tables, statement of assignment, statement of the case, or summary of the argument. "[T]his noncompliance alone serves as a procedural bar to our review." *Id.* Thompson also fails to cite any caselaw. *See* M.R.A.P. 28(a)(7) (The argument section of the appellant's brief "shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on."). "'It is the duty of an appellant to provide authority in support of an assignment of error,' and the failure to do so is considered abandonment of the issue; thereby making the issue procedurally barred for appellate review." *Flowers v. Boolos* (*In re Est. of Smith*), 204 So. 3d 291, 313 (¶49) (Miss. 2016) (quoting *McNeil v. Hester*, 753 So. 2d 1057, 1075 (¶65) (Miss. 2000)).

¶12. After our review, we find that Thompson failed to timely file his notice of appeal and pay the cost bond. Accordingly, his appeal was not perfected, and the circuit court lacked appellate jurisdiction. We therefore find that the circuit court correctly dismissed Thompson's appeal for lack of jurisdiction.

¶13. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**