# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CC-00188-COA

**TIMMY CAIN**                                                                 **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                                    **APPELLEE**
**EMPLOYMENT SECURITY**

DATE OF JUDGMENT:              02/09/2023
TRIAL JUDGE:                  HON. CAROL L. WHITE-RICHARD
COURT FROM WHICH APPEALED:    WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       TIMMY CAIN (PRO SE)
ATTORNEY FOR APPELLEE:        ALBERT B. WHITE
NATURE OF THE CASE:           CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                  AFFIRMED - 03/05/2024
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., WESTBROOKS AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     After the Mississippi Department of Employment Security (MDES) denied Timmy

Cain's claim for unemployment benefits, he appealed to the MDES Board of Review. The

Board denied his appeal as untimely.[1]  MDES sent Cain a letter informing him of its decision

on June 2, 2010, and instructing him that he had twenty days to file an appeal with the circuit

court in the county in which he resides.  Miss. Code Ann. §§ 71-5-529 & -531 (Supp. 2008).

However, Cain did not file his appeal with the Washington County Circuit Court until over

twelve years later, on January 31, 2023.  In the appeal, he claimed that he never received the

---

[1] According to MDES, Cain's benefits were denied on March 15, 2010, and he had
until March 30 to appeal the decision.  His appeal was not filed until April 21, 2010.  Cain
does not dispute that his appeal to the Board was untimely.

June 2, 2010 MDES letter because he was living with a family member at that time, but he did not indicate that he ever provided MDES with an updated address. MDES filed a motion to dismiss the appeal as untimely filed under sections 71-5-529 and 71-5-531, which the circuit court granted.

¶2.     Aggrieved, Cain filed a "Letter of Briefing" with this Court, in which he makes no substantive assertions of error other than summarily appealing "the final judgment entered in this case." On June 20, 2023, the Mississippi Supreme Court Clerk's Office requested a corrected brief because Cain's brief was non-compliant with Rule 25(b) & (d), Rule 28(a) & (n), Rule 30, and Rule 32 of the Mississippi Rules of Appellate Procedure. Although the Mississippi Supreme Court granted Cain's request for additional time to file a corrected brief, he never did so. This non-compliance with the rules serves as a procedural bar to appellate review. *See Fair v. Miss. Dep't of Emp. Sec.*, 122 So. 3d 165, 166 (¶5) (Miss. Ct. App. 2013) (holding appellant's brief was procedurally barred from review, as it was "more akin to a letter" and non-compliant with the appellate rules).

¶3.     Notwithstanding, we find no error in the circuit court's order granting of MDES's motion to dismiss. "This Court's standard of review when examining a circuit court's grant of a motion to dismiss is de novo." *Keyes v. Miss. Dep't of Emp. Sec.*, 95 So. 3d 757, 759 (¶4) (Miss. Ct. App. 2012) (citing *Smith v. City of Saltillo*, 44 So. 3d 438, 440 (¶5) (Miss. 2010)). "[W]hen assessing the timeliness of the appeal in an unemployment-benefits case," there are two time periods relevant to our analysis. *Fair*, 122 So. 3d at 166 (¶6). We first look at the initial MDES Board of Review's decision, which was final ten days after the

notification date of June 2, 2010. *See* Miss. Code Ann. § 71-5-529. Second, Cain had another "ten (10) days after the decision of the [Board] ha[d] become final" to seek judicial review by filing suit with the circuit court. Miss. Code Ann. § 71-5-531. These "[s]tatutory deadlines must be strictly construed." *Smith v. Miss. Dep't of Emp. Sec.*, 212 So. 3d 860, 862 (¶11) (Miss. Ct. App. 2016). Thus, Cain had a total of twenty days from the date of mailing to appeal the Board's decision to the circuit court, which he clearly failed to do.

¶4.     The Mississippi Supreme Court has held that the only manner for obtaining relief from the deadline set forth in the statutes "is a showing of good cause by the appellant that the mailing to the last known address was not reasonably calculated, under all circumstances, to apprise the party of the decision." *Miss. Emp. Sec. Comm'n v. Marion Cnty. Sheriff's Dep't*, 865 So. 2d 1153, 1157 (¶10) (Miss. 2004) (internal quotation marks omitted); *see also Davis v. Miss. Dep't of Emp. Sec.*, 147 So. 3d 385, 386-87 (¶9) (Miss. Ct. App. 2014) (Although claimant filed his appeal one day late, he failed to demonstrate good cause to enable him relief from the "hard deadline" set forth in section 71-5-519.).[2] "Good cause is established when there is sufficient evidence to show that a party failed to receive the mailing due to delays in the mail or because of an act beyond the party's control." *Marion Cnty. Sheriff's Dep't*, 865 So. 2d at 1157 (¶10). Merely denying "that the notice was received, without supporting evidence," is not sufficient to establish good cause to excuse untimeliness. *Id*.

---

[2] In *Keyes*, we recognized the Mississippi Supreme Court's determination "that although there were no cases specifically dealing with the statutory deadlines found in sections 71-5-529 and 71-5-531, other statutory deadlines, such as those in Mississippi Code Annotated section 71-5-517 (Rev. 2011), were strictly construed and could not be expanded absent a showing of good cause[.]" *Keyes*, 95 So. 3d at 759 (¶7) (citing *Miss. Emp. Sec. Comm'n v. Powell*, 787 So. 2d 1277, 1281 (¶15) (Miss. 2001)).

Because Cain offered no proof except his own statement that he never received the letter and because he failed to appeal the decision until several years later, we find he has not demonstrated good cause for obtaining relief in this instance. Strictly construing the statutory deadlines of sections 71-5-529 and 71-5-531, we find the circuit court properly dismissed Cain's appeal.

¶5.    **AFFIRMED.**

   **CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**